Frank A. Gulotta, J.
In this arbitration proceeding, the petitioner, Standardbred Owners Association, Inc., has moved for a court order appointing an arbitrator on behalf of respondent Yonkers Raceway, Inc., by reason of the latter’s refusal to appoint one, thus preventing the selection of a third arbitrator by the two nominated by the parties as per the contract.
The respondent cross-moves to stay the arbitration until a trial and decision can be had in an action for declaratory judgment which it has instituted, now pending in Westchester County.
The action seeks a determination that the contract between the parties dated April 16, 1958, which contains the agreement to arbitrate, is illegal and void as being in violation of the Federal and State antitrust laws. The contract provides for a method of determining the amount of purses to be paid to owners and drivers of the horses who participate in the race meetings at respondent’s track.
It is said that the association controls a commanding number of the available horses, by reason of a membership which includes 90% of the owners and drivers who operate in the metropolitan area, and has used its power to stifle competition in direct contravention of the Sherman Anti-Trust Law of the United States, and the Donnelly Act of New York.
*475 Essentially petitioner’s position is that the right to a prompt decision on its claimed grievance may not be frustrated by an independent action to test the contract ■ — that the issue raised by respondent should be submitted to the arbitrators; if not, that the issue should be determined summarily by the court in a hearing ordered under section 1450 of the Civil Practice Act, or finally, that the respondent should be relegated to opposing confirmation of an award after one has been made, on the ground now urged.
In my view, there are valid objections to at least two of these proposals. Subdivision 2 of section 1458 permits only a party who has not participated in an arbitration, or who has not been served with an application to compel arbitration, to put in issue the making of the contract, i.e., its validity after an award is made. There is a serious question whether the instant application is not one to compel arbitration within the meaning of this section by invoking the first step, but even assuming that it is not, to adopt petitioner’s view would mean that respondent must act at its peril in allowing the arbitration to go by default, before first testing the contract. This is an unreasonable position which does not commend itself to the court.
As to the first point, while it is true that arbitrators are sometimes somewhat illogically allowed to determine the validity of the very contract on which their own status depends, this is not so when the contract is challenged on the ground of illegality in that its performance is violative of a statute or of the public policy of the State. (Matter of Kramer & Uchitelle, Inc., 288 N. Y. 467.)
Matter of Exercycle Corp. (Maratta) (9 N Y 2d 329) has not impaired this principle. The claim of invalidity of the contract there was based on a lack of mutuality in an employment agreement. This involved no statutory violation nor did it conflict with any fundamental, overriding or superseding public policy. Therefore, when the majority of the court said at pages 335-336: “No statute or public policy, as reflected in a legislative act, is here involved to render the employment contract unenforcible and, absent one or the other, it has long been firmly established that arbitrators may disregard the strict and traditional rules of law. (See Fudickar v. Guardian Mut. Life Ins. Co., 62 N. Y. 392, 399-400; Sturges, Commercial Arbitration and Awards [1930], pp. 793-798.) In other words, since there is no statute or public policy which prohibits the performance of a promise to employ one ‘ until he voluntarily [quits] or dies ’, enforcement of performance by the arbitrators in this case is not rendered unlawful or legally impermissible ”, they said nothing *476 contrary to what they had said before in the Kramer case (supra), nor to my conclusion here, that the question raised by the Eaceway is not for the arbitrators to decide. It is a threshold question to be decided by a court.
Adroit Metal Prods. v. Young’s Windows of America (279 App. Div. 580, also reported 279 App. Div. 581) held on two separate appeals that an action for a declaratory judgment did not lie, dismissed the complaint and refused to stay arbitration. That case involved an attack only on certain paragraphs of a contract, including the arbitration clause, but the contract as a whole was not questioned. This would seem to put the case outside the scope of the above exception and outside the limits of the present case. As to the third alternative, the petitioner is on stronger ground. While this court would be inclined, if it were a matter of discretion, to allow the issue, as to the legality of the contract, to be tried in the pending plenary action, because of its manifest involved and complicated nature, it does not feel that the positive language of section 1450 leaves this course open.
That section states that “ If evidentiary facts be set forth raising a substantial issue as to the making of the contract * * * the court or the judge thereof, shall proceed immediately to the trial thereof.” (Italics supplied.)
The phrase “ making of the contract ” would seem to include all aspects of same, including questions as to its legality.
No authority has been cited for respondent’s position that such issue can be decided outside the arbitration proceeding, and it contravenes the established policy, that these proceedings move forward with expedition and dispatch. (Matter of Feuer Transp. [Local No. 445], 295 N. Y. S. 87.)
Therefore, on petitioner’s motion a hearing will be ordered to determine whether the contract is void and unenforcible by reason of its alleged violation of the antitrust laws and the motion to appoint an arbitrator will be held in abeyance pending the outcome of that hearing.
Therefore, respondent’s motion to stay arbitration until the declaratory action is decided, is denied.
While it is perhaps unnecessary to do anything about the pending action, since the disposition now made forestalls it, in the interest of orderly procedure it will be stayed pending a final determination in this proceeding.