**Leo ROBINSON, Plaintiff,**

**v.**

**BACHE & CO., Defendant.**

United States District Court
S. D. New York.
Jan. 31, 1964.

Martin Horwitz, New York City, for plaintiff.

Baer, Marks, Friedman & Berliner, New York City, for defendant, Donald Marks, Melvin D. Kraft, New York City, of counsel.

BONSAL, District Judge.

Defendant, Bache & Co., moves before answer under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., for an order staying this action and directing plaintiff to arbitrate the issues between the parties.

Defendant is a partnership engaged in the business of securities and commodities broker, and plaintiff was a customer of defendant. The complaint alleges that on or about April 17, 1963, plaintiff was solicited by defendant to sell a put involving 85 London sugar futures contracts which were later purchased for plaintiff's account, and to engage in other commodity transactions, to the loss of plaintiff. The complaint further charges that this loss was caused by defendant's breach of its duty to plaintiff and by its negligence in that defendant induced plaintiff to trade in sugar futures on the assurance that with defendant's expert assistance the risk of loss could be avoid-

ed, and that when skillful trading became necessary, defendant gave plaintiff unsound advice which plaintiff acted upon to his loss. The complaint also alleges that defendant failed to advise plaintiff that the sugar futures were highly speculative and to disclose pertinent facts to plaintiff, and to maintain adequate review of plaintiff's position and the market. Plaintiff asks that defendant be required to account to him for damages, plaintiff's lost profits and any commissions or other monies realized by defendant from plaintiff's transactions.

Jurisdiction of this action is based on diversity of citizenship, it being alleged that plaintiff is a citizen of Florida, and that each of defendant's general partners is a resident of a named state other than Florida.

Defendant's claim to arbitration is based upon a Customer Margin and Lending Agreement, dated January 9, 1961, and signed by plaintiff. That agreement contains the following provision:

"This agreement shall inure to the benefit of your successors and assigns, shall be binding on the undersigned, his heirs, executors, administrators and assigns, and shall be governed by the laws of the State of New York. Any controversy arising out of or relating to my account, to transactions with or for me or to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association or the Board of Governors of the New York Stock Exchange, as I may elect. If I do not make such election by registered mail addressed to you at your main office within five days after demand by you that I make such election, then you may make such election. Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof."

It appears from defendant's motion papers that defendant wrote to plaintiff on October 11, 1963, outlining the differences between them, and demanding

458

that the differences be submitted to arbitration. Defendant's letter recited that there was a net debit balance of $32,976.94 in plaintiff's account, and that plaintiff's attorney disputed owing any balance to defendant and claimed instead that defendant was liable to plaintiff in an amount in excess of $200,000. Defendant states that plaintiff's reply to this letter was the commencement of this action.

[1, 2] The Federal Arbitration Act applies to " * * * a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof." 9 U.S.C. § 2. The contract between plaintiff and defendant does evidence "a transaction involving commerce" as provided in Section 2, and is within the Act. Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953).*

The Federal Arbitration Act provides that arbitration agreements within its scope "shall be valid, irrevocable, and enforceable" (9 U.S.C. § 2) ; that upon application of a party who is not in default in proceeding with arbitration, the Court shall stay the trial of an action that is brought upon issues that are referable to arbitration (9 U.S.C. § 3) ; and that upon application of an aggrieved party, if the making of the agreement or the failure to comply therewith is not in issue, the Court shall direct that arbitration proceed in accordance with the agreement (9 U.S.C. § 4).

■ The controversy between plaintiff and defendant as framed by the complaint and the papers on this motion is arbitrable under the terms of their agreement as being "out of or relating to [plaintiff's] account, to transactions with or for [plaintiff] or to this agreement or the breach thereof". It is immaterial that the complaint "sounds in tort", Saucy Susan Products, Inc. v. Allied Oil English, Inc., 200 F.Supp. 724, 727 (S.D.N.Y.1961), or that plaintiff believes that the arbitration clause is limited to his margin and lending relationship with defendant since the clause cannot be so construed.

■ Since it appears that defendant maintained a separate commodity account for plaintiff pursuant to Regulation T issued by the Board of Governors of the Federal Reserve System pursuant to the Securities Exchange Act of 1934 (12 CFR §§ 220.1–220.8), the existence of Regulation T does not preclude arbitration, cf. Wilko v. Swan, supra, and Reader v. Hirsch & Co., 197 F.Supp. 111 (S.D.N.Y.1961).

■■ The complaint is barren of any allegation that the defendant violated the Securities Act of 1933, or the Securities Exchange Act of 1934, or any other Federal Statute creating a separate and independent federal cause of action, and indeed plaintiff rests the jurisdiction of the Court solely on diversity. It is noted that sugar is not included in the definition of a commodity for the purposes of the Commodity Exchange Act, 7 U.S.C. § 2 (see 2 Loss, Securities Regulation 1167, footnote 10 (2d ed. 1961)).

The arbitration agreement between plaintiff and defendant is valid and enforceable, and plaintiff's claims are referable to arbitration under the agreement.

Defendant's motion for an order staying this action and directing plaintiff to arbitrate pursuant to the agreement is granted.

Settle order on notice.

---

* Since the agreement is within the Federal Arbitration Act, defendant's motion is properly brought under the Act, notwithstanding that the agreement provides that it shall be governed by New York law. Lummus Co. v. Commonwealth Oil Refining Co., 297 F.2d 80 (2d Cir.), cert. denied, sub nom. Dawson v. Lummus Co., 368 U.S. 986, 82 S.Ct. 601, 7 L.Ed.2d 524 (1962) ; Metro Industrial Painting Corp. v. Terminal Const. Co., 287 F.2d 382 (2d Cir.), cert. denied, 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1961) ; Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (2d Cir. 1959), dismissed by stipulation, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960).