Nathaniel T. Helman, J.
This is an application for an order. staying the respondents from proceeding in the action commenced by them in the State of California.
Respondents cross-move for an order dismissing the order to show cause and petition, on the ground of forum non conveniens.
Respondent Feldman is a resident of the State of California. The witnesses to the California action, also necessary witnesses to an arbitration in New York, reside in California. New York proceedings would work hardship and unnecessary inconvenience on the witnesses and at least some of the parties. California is a convenient and available forum for all of the parties. Additionally, this proceeding is an unnecessary burden on the courts of New York. Beyond the fact of the contract at issue, the action and/or arbitration has no relationship or connection of any sort to New York. There is no prejudice to petitioner because of a dismissal here, in view of respondents’ agreement to stipulate to acceptance of service in California, where these issues may still be litigated. Silver v. Great Amer. Ins. Co. (29 N Y 2d 356), made clear that the doctrine of forum non conveniens was being broadened in this State to meet the needs of fairness and convenience, notwithstanding that one of the parties was a New York resident. A stay of the California proceeding would therefore be unduly oppressive.
Of equal importance is the fact that an issue exists as to the enforceability of the arbitration agreement. Concededly, the mother of defendant signed a letter at the time of the shipment, which included the language, ‘ ‘ I accept that the move is made subject to terms and conditions of carrier’s bill of lading.” It is undisputed that the bill of lading contained a printed arbitration clause, although that document was not signed by the mother. The. daughter’s affidavit denies any knowledge of the bill of lading or its provisions, and asserts that such a document was received by her only after the vehicle was delivered to her *122 in California. Even assuming the agency of the mother in arranging generally for the shipment, ‘£ one who seeks to compel arbitration, has the burden of establishing that there was a clear intent by agreement to limit the parties to that method of deciding the dispute.”
Thus, at the very least, a factual issue exists as to the validity of the arbitration provisions as affecting the respondent.
Accordingly the motion for a stay will be denied and the cross motion granted.
(On reargument, July 20,1973)
On this application for a reargument and reconsideration of the prior order of this court denying petitioner’s request for a stay of a California litigation pending arbitration, the motion will be granted to the extent of permitting reargument, and on reconsideration, the original decision of the court will be adhered to.
. Previously determined by this court is the procedural issue as to whether petitioner should be required to bring its petition to stay the California lawsuit in a California court, rather than in New York, on the ground of forum non conveniens. This court noted that several substantive issues remained open for determinaiton, but that California was the proper place to litigate them. CPLR 327 is applicable to a petition in a New York court seeking to stay an out-of-State lawsuit. The California court can properly consider petitioner’s application for a stay to permit arbitration in New York, and a holding favorable to petitioner would free it to compel arbitration here.
What this court previously held is that the validity of the alleged arbitration agreement must be determined in a California forum, since New York is an inconvenient forum to litigate the enforceability of the agreement. Petitioner’s reference to the applicability of Federal law to the arbitration agreement itself is inapposite, since it avoids the procedural question as to which forum will apply the Federal substantive law. Nor does the court find merit in the contention of petitioner that the Federal Arbitration Act (U. S. Code, tit. 9, §§ 3, 4) and companion provisions of CPLR article 75 are “ special venue statutes ” to which the doctrine of forum non conveniens is inapplicable. Provisions in those sections for a trial ££ forthwith ” or ££ summarily ” were not intended to exclude the right of an interested party to raise the question of convenience of witnesses for the purpose of establishing the proper forum for trial.
In Matter of Vigo S.S. Corp. (26 N Y 2d 157) the court was concerned with issues which concededly involved Federal mari *123 time matters. Nevertheless, the court stated (p. 162): “ It is clear, therefore, that the provisions of the CPLR are applicable to the present controversy and there is no basis upon which to predicate a holding that Federal law controls * * *. The sole issue involved in the proceeding below in a State court was procedural in nature and its resolution is not in any way determinative of the outcome of the dispute on the merits
Cases cited by petitioner deal with substantive rights arising under contracts containing arbitration provisions, while here the motion is to stay a California lawsuit involving witnesses residing in that State. These procedural questions should be determined in accordance with the foregoing principles.
The motion to compel arbitration is denied, without prejudice in the event the California court sustains the position of petitioner. The cross motion is granted.
(On further reargument, February 8,1974)
Petitioner’s letter of January 16, 1974 will be treated as a request for permission to reargue, and as such, is denied. Nothing contained therein demonstrates that the court may have overlooked the applicable law.
The New York Court of Appeals in Silver v. Great Amer. Ins. Co. (29 N Y 2d 356, 361) held that application of forum non conveniens “ should turn on considerations of justice, fairness and convenience ” and it is for this court, in the exercise of its sound discretion, to decide the question of forum non conveniens.
The fact that in the instant case there is a question of Federal substantive law does not preclude a State court from following its own local law of forum non conveniens. The Supreme Court of the United States in Southern Ry. Co. v. Mayfield (340 U. S. 1, 5) stated that a State court “ should be freed to decide the availability of the principle of forum non conveniens in these suits according to its own local law.”