Mabtih B. Stecheb, J.
Respondent Newman, now a resident of California, instituted an action in the courts of Illinois for damages sustained to her car in Illinois while it was being transported from her then home in Illinois to California by an agent of the petitioner. Petitioner here seeks a judgment restraining Mrs. Newman and her insurance company-subrogee from prosecuting the action in Illinois, by virtue of an arbitration clause contained in one of the documents. The respondent, in turn, moves for dismissal on the ground of forum non conveniens (CPLR 327; Silver v. Great Amer. Ins. Co., 29 N Y 2d 356).
Mrs. Newman, in Illinois, signed an agreement to have the petitioner transport her car to California. The agreement contained no arbitration clause but did contain a provision binding her to the terms of a bill of lading not then exhibited to her. Some days later, an agent of the petitioner arrived at Mrs. Newman’s home to pick up the car and brought with him a bill of lading which she signed. It was densely worded. Unrelated sentences followed each other unrelentingly until, to "any but the experienced reader of practiced obfuscation, meaning was lost in a solid wall of type. At the very end of this portion of the bill of lading appeared the following language: “ Any claim or controversy whether founded in contract or tort, arising out of or relating to this agreement or performance or breach thereof, is non-assignable and shall be settled by arbitration in New York City. Upon said arbitration the arbitrator’s jurisdiction shall be limited to enforcement and application, without exception of the provisions of this agreement and, at the request of any party, of the rules and laws of evidence of the state in which said arbitration is held. Should the arbitrator vary or fail to apply and enforce, strictly, any provision of this agreement, or said rules and laws of evidence, for any reason whatsoever, said arbitrator shall be ousted of jurisdiction, and any award made by said arbitrator shall be null and void, and thereafter arbitration shall be recommenced in accordance herewith. ’ ’
The petitioner, which advertises itself as having offices and agencies in every State of the Union in over 100 cities and in more than 20 listed major cities, apparently follows the procedures above described as its usual method of doing business. *1071 It excludes the arbitration clause from its contracts — the time when the customer is most likely to pay more careful attention to the language of the agreement which he or she signs — and inserts this rather odd arbitration clause in the bill of lading when the customer has psychologically concluded that he or she has already signed the agreement negotiated and, in every case, regardless of where the contract or performance occurs and despite the absence of any relationship between this State and the transaction, requires the would-be litigant to come to New York for determination of the dispute. (I draw these conclusions from the unrebutted affidavit submitted on behalf of the respondent, showing more than a score of such proceedings brought in this very court, as well as from the record before and the decision of the Hon. Joseph A. Reilly, Administrative Law Judge of the Interstate Commerce Commission, dated November 15, 1973 submitted as an exhibit on behalf of the respondent.) I also note that in at least one case where the petitioner was the defendant in an action in the Small Claims Part of the Civil Court in Bronx County, it made its motion for a stay not in the court in which the action was pending and which had jurisdiction over the proceeding but in the Supreme Court in New York County (Aaacon Auto Transp. v. Roth, N. Y. L. J., May 23, 1973, p. 19, col. 3).
Clearly, the transaction between the parties was in interstate commerce and, if the arbitration clause is enforceable, it is governed not by article 75 of the CPLR but by the provisions of the Federal Arbitration Act (U. S. Code, tit. 9). Although the petitioner urges the application of the Federal Arbitration Act, it simultaneously seeks to strike the respondent’s motion to dismiss the petition, on the grounds of untimeliness under New York law (CPLR 7503, subd. [c]). It argues that this section of the CPLR is applicable because it is “ merely ” procedural. The statute is, however, “ outcome determinative ” and to allow it to be applied here would be inconsistent with the requirement that the Federal statute control (U. S. Code, tit. 9, § 2; Matter of Rederi v. Dow Chem. Co., 25 N Y 2d 576, 585). The petitioner cannot have it both ways. The Federal Arbitration Act should apply and under it questions of timeliness are not for the court but for the arbitrator. Exclusive of the issue of jurisdiction, the court under the Federal act may only pass upon the validity of the arbitration agreement and the refusal of the parties to arbitrate (U. S. Code, tit. 9, § 4; Matter of Rederi v. Dow Chem. Co., 25 N Y 2d 576, supra).
Nor is the petitioner’s contention persuasive that the Federal statutes (U. S. Code, tit. 9, §§ 3, 4) are “ special venue ” sta *1072 tutes mandating the State courts to accept jurisdiction. These statutes and the various Rules of Federal Procedure cited by the petitioner apply to Federal District Courts only. They are neither intended to apply to State courts nor do they by their terms apply to any but the United States District Courts. (There is obviously no need to consider here whether the Federal rulemaking authority can obligate State courts to follow Federal procedures; but, see, Southern Ry. Co. v. Mayfield, 340 U. S. 1, 5.) It has been previously held that the considerations underlying the doctrine of forum non conveniens (convenience of parties, convenience of witnesses and convenience of the court) are applicable not only to actions at law but to proceedings such as the one at bar (Matter of Aaacon Auto Transp. v. Feldman, 77 Misc 2d 120); and while I once had occasion to observe that in no reported case had a New York resident who was the original owner of a claim been denied access to the New York courts (Propulsion Systems v. Avondale Shipyards, 77 Misc 2d 259), it is obvious from these facts that such a result is not only possible but necessary.
It is clear from the contract, the bill of lading, the record before the Interstate Commerce Commission, and the record of similar proceedings brought in this court, submitted on behalf of the respondent, that the petitioner is engaged in a unique form of forum shopping by contract drafting. Respondent, at the time the contract was signed, was an Illinois resident; the contract was signed in Illinois, and the witnesses to the execution of the contract, the bill of lading and the occurrence giving rise to the dispute have no relationship to the State of New York. New York’s only relationship is the draftsmanship of the bill of lading containing a hidden arbitration clause. New York obviously has no relationship to this litigation.
There is great temptation here to entertain the application to dismiss the petition by virtue of the apparent unconseionability of the arbitration clause, by virtue of the uncontested facts before me and by virtue of the record of proceedings before the Interstate Commerce Commission. (Cf. Uniform Commercial Code, § 2-302; Paragon Homes v. Carter, 56 Misc 2d 463, affd. 30 A D 2d 1052; Nu Dimensions Figure Salons v. Becerra, 73 Misc 2d 140; County Asphalt v. Lewis Welding & Eng. Corp., 444 F. 2d 372.) As a matter of public policy, however, where the courts of this State have no conceivable relationship to the dispute, they should in good conscience do nothing more than decline to accept jurisdiction. The State of Illinois is as well able to deal with the question of arbitrariness or the enforceability of the arbitration clause as is this court and, under the *1073 circumstances here revealed, it will be permitted to do so. Therefore, conditioned upon the respondent’s agreement in writing executed by her or her authorized agent or attorney delivered to the court and the attorney for the petitioner not to interpose a defense of untimeliness to an application which the petitioner may promptly make in Illinois for relief similar to that requested here, the motion to dismiss the petition is granted on the ground of convenience.