Jon R. ROMNES and Thomas R. Stoker, Plaintiffs,

v.

BACHE & CO., INCORPORATED, Defendant.

Civ. A. No. 73–C–232.

United States District Court, W. D. Wisconsin.

Nov. 10, 1977.

Daniel W. Hildebrand and Robert D. Martin, Madison, Wis., for plaintiffs.

W. Stuart Parsons and J. Paul Jacobson, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, District Judge.

This action was commenced against defendant Bache & Co., Incorporated (hereinafter "Bache"), on July 24, 1973, by plaintiffs Jon R. Romnes and Thomas R. Stoker. Plaintiffs seek $10,006.00 in damages and a declaratory judgment that they do not owe defendant $44,312.00.

Plaintiffs entered into a partnership agreement in April 1973 with one David A. Goff who was a day trader at Bache. The purpose of the partnership was to trade commodities future contracts at the Madison, Wisconsin, office of Bache. The partnership agreement provided that there would be a maximum loss on any position of 10% of the total capital of the partnership, and no more than 50% of the total capital of the partnership would be at risk in any one commodity. The partnership was named Future Associates. Each partner invested $5,000.00 in the partnership, and Mr. Goff carried on the active trading for the partnership. Bache had actual knowledge of the agreement, had required that certain changes be made in it before the account was opened, and at all times had an executed copy in its file. The partnership operated in April and May of 1973.

The amended complaint alleges that the defendant violated its duties according to the Commodity Exchange Act (hereinafter "CEA"), 7 U.S.C. § 1 et seq., more specifically 7 U.S.C. §§ 6b and 6d, the Wisconsin Uniform Securities Act, Chapter 551 Wisconsin Statutes, and under the common law with respect to plaintiffs' account. Bache is in the brokerage business in securities and commodities and is regulated by the Commodities Exchange Commission, the Securities and Exchange Commission, and the Wisconsin Commissioner of Securities.

The amended complaint also alleges other irregularities, including Goff's financial irresponsibility, Bache's failure to communicate it to plaintiffs, Bache's having put the plaintiffs' account on "minimums" (reduced margin requirements) at Goff's request, and Bache's failure " * * * to advise plaintiffs that the Chicago Board of Trade could or would increase the permitted maximum daily price fluctuation * * * ." (First paragraph numbered 15.) The alleged factual basis for the plaintiffs' allegations is that on May 16–18, 1973, Goff and the defendant executed orders in violation of the partnership agreement by putting the entire account into short sales of soybeans. Such sales could not be "covered," i. e., contracts purchased, late in May because of restrictions applied by the Chicago Board of Trade, and in consequence the account lost $59,330.00 when the short positions were closed out on May 30, 1973. The $15,018.00 amount was covered by the margin in the account, and plaintiffs claim two-thirds of that amount in damages. The balance of $44,312.00 allegedly owed Bache is the subject of plaintiffs' prayer for declaratory relief.

The court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 2201.

Negotiations were conducted between plaintiffs and Bache from May 31, 1973 to July 23, 1973, in reference to Bache's demand that plaintiffs pay to it the $44,312.00 which it claimed was owing. At several times Bache threatened litigation if plaintiffs failed to pay, and after negotiations broke down, plaintiffs filed the present suit on July 24, 1973. Thereafter discovery was conducted by both sides during August and September. On September 21, 1973, Bache served a motion for a more definite statement and moved for an order staying proceedings pending arbitration under paragraph 14 of Future Associate's "Customer's Agreement" dated April 3, 1973, and § 3 of the Federal Arbitration Act, 9 U.S.C. § 3. The motion was withdrawn on November 15, 1973, following plaintiffs' agreement to file an amended complaint. The amended complaint was filed on December 6, 1973. Thereafter the parties agreed to an extension of time until February 8, 1974, for defendant to file an answer, and on Febru-

ary 8, 1974, Bache moved before answering for an order staying proceedings pending arbitration. It is this motion which is the subject matter of this order. For the reasons hereafter stated, Bache's motion will be granted.

Paragraph 1 of the Customer's Agreement dated April 3, 1973, provides that the contract shall apply " * * * with respect to all of my accounts in which I have an interest alone or with others * * * for the purchase and sale of securities and commodities." Paragraph 14 provides:

"14. This contract shall be governed by the laws of the State of New York, and shall inure to the benefit of your successors and assignees and shall be binding on the undersigned, his heirs, executors, administrators and assigns. Any controversy arising out of or relating to my account, to transactions with or for me or to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules then obtaining of either the American Arbitration Association or the Board of Governors of the New York Stock Exchange as I may elect, except that any controversy arising out of or relating to transactions in commodities, or contracts relating thereto, whether executed or to be executed within or outside of the United States shall be settled by arbitration in accordance with the rules then obtaining of the Exchange (if any) where the transaction took place, if within the United States, and provided such Exchange has arbitration facilities or under the rules of the American Arbitration Association as I may elect. If I do not make such election by registered mail addressed to you at your main office within five days after demand by you that I make such election, then you may make such election. Notice preliminary to, in transaction with or incident to such arbitration proceeding, may be sent to me by mail and personal service is hereby waived. Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof, without notice to me."

The agreement was signed by both of the plaintiffs.

Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, provides:

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

The above-quoted § 3 applies to contracts evidencing transactions "involving commerce" pursuant to 9 U.S.C. § 2. There is no dispute between the parties that the contract involved is one "involving commerce" and therefore that 9 U.S.C. § 3 on its face applies.

Plaintiffs claim, however, that to require arbitration in this case would be contrary to public policy and also that defendant is "in default in proceeding with such arbitration," and that therefore 9 U.S.C. § 3 does not apply. Defendant claims that the Customer's Agreement provides for arbitration, that 9 U.S.C. § 3 provides for a stay of court proceedings pending arbitration, and that it is entitled to such a stay. Defendant also denies that it is in default in proceeding with such arbitration.

■ In general, when a motion is brought to stay proceedings in an action based on a contract involving interstate commerce, which contract provides that disputes arising out of the contract shall be decided by arbitration, Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, requires a federal district court to issue a stay of its proceedings pending arbitration of such disputes as the contract provides for. *Lawson Fabrics, Inc. v. Akzona, Inc.*, 355 F.Supp. 1146 (S.D.N.Y.1973), aff'd 486 F.2d 1394 (2d Cir. 1973); *Prima Paint Corporation v.*

*Flood & Conklin Mfg. Co.*, 360 F.2d 315 (2d Cir. 1966), aff'd 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *American Airlines, Inc. v. Louisville & Jefferson County Air Board*, 269 F.2d 811 (6th Cir. 1959); *United States Fidelity and Guaranty Co. v. Bangor Area Joint School Authority*, 355 F.Supp. 913 (E.D.Pa.1973); *Robinson v. Bache & Co.*, 227 F.Supp. 456 (D.C.N.Y.1964). In *Robinson v. Bache & Co.*, supra, for example, wherein a customer brought a suit for negligence against a brokerage firm, the Court held that an arbitration clause contained in the Customer's Agreement was binding on the customer and ordered a stay of proceedings.

There are some recognized exceptions to the general rule; for example, where grounds exist for revoking the contract containing the arbitration agreement or where fraud in the inducement is alleged in regard to the making of the arbitration clause. *Prima Paint Corporation v. Flood & Conklin Mfg. Co.*, supra; *American Airlines, Inc. v. Jefferson County Air Board*, supra. The fact that a federal court will thereby be prevented from hearing a claim which it could otherwise decide, however, is not in itself sufficient reason to deny the stay. *American Airlines, Inc. v. Jefferson County Air Board*, supra.

A motion for a stay will be denied where the federal statute by its terms prohibits arbitration of actions arising under the statute. For example, § 14 of the Securities Act of 1933, 15 U.S.C. § 77n, and § 29 of the Securities Exchange Act of 1934, 15 U.S.C. § 78cc, which are prohibitions against waiver of rights under the Acts, have been interpreted to void arbitration agreements entered into between customers and brokers as a means of enforcing compliance with any provision of the Acts or any rule or regulation created thereunder. See, e. g., *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); *Greater Continental Corporation v. Schechter*, 422 F.2d 1100 (2d Cir. 1970). Even where a statute does not specifically prohibit arbitration, the courts have sometimes refused to enforce arbitration clauses. Thus, in *American*

*Safety Equipment Corp. v. J. P. Maguire & Co., Inc.*, 391 F.2d 821 (2d Cir. 1968), the Court declined to refer an alleged violation of the antitrust laws to an arbitrator, stating that the outcome of the suit would have a massive economic effect on hundreds of thousands of persons, and the private citizen who had brought suit was acting in the capacity of a "private attorney general" protecting the public interest. In *Beckman Instruments, Inc. v. Technical Development Corporation*, 433 F.2d 55 (7th Cir. 1970), the Court refused to order arbitration of a patent validity question, citing the great public interest in challenging invalid patents which made the suit inappropriate for arbitration proceedings. The statutory right to federal judicial relief for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., also cannot be taken away by an arbitration clause in a labor contract because of the significant role given individuals by Congress in enforcement of Title VII. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

Plaintiffs alleged that strong public policy reasons also exist in the case of the CEA, 7 U.S.C. § 1 et seq., for refusing to permit waiver of the right to litigate issues arising under it by means of an arbitration agreement. They analogize the CEA to the federal securities acts, with their specific non-waiver of rights provisions, and cite numerous state cases which support their contention that public policy reasons exist to prevent removal of economic regulatory matters from the sphere of the courts. See, e. g., *In re Gale, et al.*, 176 Misc. 277, 27 N.Y.S.2d 18 (1941), rev'd on other grounds, 262 App.Div. 834, 28 N.Y.S.2d 270 (1941), 262 App.Div. 1006, 30 N.Y.S.2d 845 (1941); *Aimcee Wholesale Corp. v. Tomar Products, Inc.*, 21 N.Y.2d 621, 289 N.Y.S.2d 968, 237 N.E.2d 223 (1968); *Standardbred Owners Ass'n, Inc. v. Yonkers Raceway, Inc.*, 31 Misc.2d 474, 220 N.Y.S.2d 649 (Sup.Ct.Westchester Co., 1961); *Matter of Western Union Co.*, 299 N.Y. 177, 86 N.E.2d 162 (1949). In contrast see, e. g., *Kavit v. A. L. Stamm & Co.*, 491 F.2d 1176 (2d Cir. 1974), involving one claim by a customer against a bro-

ker for alleged violations of the Securities Exchange Act, which claim was dismissed for lack of a substantial federal question, and a second claim for negligence under the court's pendent jurisdiction. The court of appeals held that it would have been entirely proper for the district court to dismiss the action and refer it to an arbitrator for decision under an arbitration clause in the Customer's Agreement, notwithstanding the presence in the contract of a clause providing that all transactions thereunder would be subject to § 29, the nonwaiver provision, of the Securities Exchange Act of 1934. See also *Macchiavelli v. Shearson, Hammill & Co., Incorporated*, 384 F.Supp. 21 (E.D.Cal.1974).

 The Federal Arbitration Act, 9 U.S.C. § 1 et seq., creates federal substantive law under the authority of the Interstate Commerce Clause. It is not merely procedural. Therefore it requires a federal court to adjudicate the issue of the enforceability of an arbitration clause even in a diversity action according to federal law. A federal court is not bound under the doctrine of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to consider state policy reasons which might suggest that a matter should not be subject to arbitration even though, if presented with the same issue, a state court might reach a different result. See *Stokes v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 523 F.2d 433 (6th Cir. 1975); *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402 (2d Cir. 1959); *Arkoosh v. Dean Witter & Co., Inc.*, 415 F.Supp. 535 (D.C.Neb.1976); *Aaacon Auto Transport, Inc. v. Newman*, 77 Misc.2d 1069, 356 N.Y. S.2d 171 (1974). The Customer's Agreement entered into between plaintiffs and defendant is within the Federal Arbitration Act notwithstanding that the arbitration agreement provides that it shall be governed by New York law. See *Robinson v. Bache & Co.*, 227 F.Supp. 456, 458 n. 20 (S.D.N.Y.1964), and cases cited therein.

 There is no specific provision in the Commodities Exchange Act which prohibits the waiver of rights under the Act or which provides that arbitration shall not be available as a method of resolving disputes which arise under the Act. Plaintiffs allege that the CEA creates a substantive cause of action for damages, and that it would be against public policy to foreclose a plaintiff from resort to the court on such a claim. However, as stated above, the mere fact that a party is foreclosed from pursuing a claim in court which he might otherwise enforce in that manner because of voluntary submission to an arbitration agreement is not in itself a sufficient reason for a Court to refuse to enforce such agreement. Nor has the Court been able to find any cases which so hold in the case of an alleged CEA violation.

 Furthermore, the right of action for damages under the CEA is a judicially created right of recent origin. See *Goodman v. H. Hentz & Co.*, 265 F.Supp. 440 (N.D.Ill.1967). Congress did not see fit in the case of the CEA, as it did in the federal securities acts, to provide such a right of action and to prohibit waiver thereof. Consequently, it is the Court's opinion that no national policy reason exists for precluding arbitration of claims arising under the CEA. This is not a case wherein determination of the controversy will have a wide-ranging effect on the public at large. Nor is it a case where the right to enforce federal policy has been specifically entrusted by Congress to private citizens by means of a provision in the statute authorizing court action. Therefore, the Court sees no reason for holding in this case that the policy as expressed in the Federal Arbitration Act for resolution of contract disputes, the subject matter of which involves interstate commerce, by arbitration where the parties have so agreed is outweighed by any other consideration. See *Metro Industrial Painting Corp. v. Terminal Construction Co., Inc.*, 287 F.2d 382 (2d Cir. 1961).

Plaintiffs claim that even if those counts of their complaint which allege violations of the CEA and of the common law by the defendant are arbitrable, Count II, which alleges violations of Chapter 551 of the Wisconsin Statutes, the state securities act,

is not arbitrable. They state that § 551.-02(13)(a) defines "securities" to include commodities futures, that § 551.59(8) contains a nonwaiver of rights clause, that § 551.67 provides that the Wisconsin Securities Act is to be read in a manner consistent with the federal securities acts, and that, therefore, since the federal securities acts have been interpreted to prohibit waiver of rights by submission to arbitration, *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), this Court should interpret the Wisconsin Securities Act in the same manner and consequently should refuse to permit arbitration of Count II.

As stated above, however, the Federal Arbitration Act creates federal substantive law, and a federal court is not bound to follow state law in interpreting matters arising out of contracts involving interstate commerce, which contracts contain an arbitration clause, nor is it bound to heed state public policy which does not accord with federal policy in this matter. Under federal law, a trading account in commodities futures is not a security. *Milnarik v. M–S Commodities, Inc.*, 457 F.2d 274 (7th Cir. 1972), cert. denied 409 U.S. 887, 93 S.Ct. 113, 34 L.Ed.2d 144 (1972). The Court has already found that federal public policy as expressed in Chapter 9 of the United States Code favors arbitration, and that matters arising under the CEA are arbitrable. Therefore, despite the classification of some portion of the plaintiffs' claim under state law as a securities issue, under federal law it is a commodities issue and, therefore, in the Court's opinion, all facets of the claim are arbitrable.

Plaintiffs also allege that the defendant is "in default in proceeding with * * *" arbitration" within the meaning of 9 U.S.C. § 3 and therefore is not entitled to an order staying proceedings in this court pending arbitration. Plaintiffs assert that the defendant became aware of the dispute on May 31, 1973, that it threatened litigation rather than requesting arbitration thereafter, and, finally, after plaintiffs filed suit on July 24, 1973, that defendant participated in discovery proceedings and did not file its motion for a stay until February 8, 1974.

It is true, as plaintiff asserts, that a party who proceeds with litigation and fails to request a stay in proceedings pending arbitration until the litigation is well advanced may be held in default under 9 U.S.C. § 3. See, e. g., *Cornell & Co., Inc. v. Barker & Ross Co.*, 123 U.S.App.D.C. 378, 360 F.2d 512 (1966); *United States v. Bregman Construction Corp.*, 256 F.2d 851 (7th Cir. 1958); *American Locomotive Co. v. Chemical Research Corporation*, 171 F.2d 115 (6th Cir. 1948), cert. denied 336 U.S. 909, 69 S.Ct. 515, 93 L.Ed. 1074 (1949); *Almacenes Fernandez, S. A. v. Golodetz*, 148 F.2d 625 (2d Cir. 1945); *Radiator Specialty Co. v. Cannon Mills, Inc.*, 97 F.2d 318 (4th Cir. 1938). On the other hand, while waiver of the right to arbitration can be inferred from conduct completely inconsistent with the intent to arbitrate, such waiver cannot be inferred merely from a party's attempt to meet all issues raised in litigation between it and another party. *Germany v. River Terminal Railway Company*, 477 F.2d 546 (6th Cir. 1973). A delay of less than two months between the time when a complaint is filed and the demand for arbitration, despite two intervening requests for an extension of time in which to answer, has been held not to create a default. *Bigge Crane & Rigging Co. v. Docutel Corp.*, 371 F.Supp. 240 (E.D.N.Y.1973). In *Lumbermens Mutual Casualty Co. v. Borden Company, Inc.*, 268 F.Supp. 303 (S.D.N.Y.1967), the plaintiff commenced an action on April 8, 1964. On June 29, 1964, defendant moved to dismiss for lack of personal jurisdiction, which motion was eventually withdrawn without prejudice, and defendant's time to answer was extended pending decision on some discovery motions. Those motions were decided on January 4, 1965, and finally on April 15, 1966, after participating in extensive discovery proceedings, defendant moved for a stay pending arbitration. The Court held the defendant not in default for a number of reasons, including the following: (1) it had never filed an answer on the merits; (2) plaintiff, not defendant, had instituted the suit in court;

(3) delay alone does not establish default; and (4) any doubts in regard to the construction of the Federal Arbitration Act should be resolved in line with its liberal policy of promoting arbitration. See also *Hilti, Inc. v. Oldach,* 392 F.2d 368 (1st Cir. 1968); *Robert Lawrence Company, Inc. v. Devonshire Fabrics, Inc.,* 271 F.2d 402, 410 (2d Cir. 1959), appeal dismissed 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960); *Kulukundis Shipping Co., S/A v. Amtorg Trading Corp.,* 126 F.2d 978 (2d Cir. 1942); *Almacenes Fernandez, S. A. v. Golodetz,* supra; *Michael v. S. S. Thanasis,* 311 F.Supp. 170 (N.D.Cal.1970).

■ This suit was instituted by plaintiffs on July 24, 1973. Thereafter defendant filed a motion for an amended complaint and for a stay of proceedings in September 1973, which motion was withdrawn when plaintiffs agreed to voluntarily amend the complaint. The amended complaint was filed on December 6, 1973, and defendant obtained an extension of time in which to answer until February 8, 1974. On that date, the defendant filed a motion for a stay of proceedings, and thereafter has not, to the Court's knowledge, taken any action inconsistent with the intent to submit to arbitration expressed in that motion.

Under these circumstances, it is the Court's opinion that the defendant Bache & Co., Incorporated, is not in default within the meaning of 9 U.S.C. § 3. Defendant has never responded to the complaint on the merits. Defendant's original motion for a stay was filed within two months of the commencement of the action, and the motion was renewed following plaintiffs' filing of an amended complaint. Furthermore, plaintiffs have not alleged that they were prejudiced in any manner by the delay. See *Carcich v. Rederi A/B Nordie,* 389 F.2d 692 (2d Cir. 1968).

For the foregoing reasons,

IT IS ORDERED that the motion of defendant Bache & Co., Incorporated, for an order staying proceedings in this court pending arbitration of the dispute which is the subject matter of this action be and it hereby is granted.

While the defendant has not requested the Court to refer this matter to an arbitrator, such request is implicit in its motion for a stay of further proceedings.

THEREFORE, IT IS FURTHER ORDERED that this matter be referred to an arbitrator for decision as provided in paragraph 14 of the Customer's Agreement dated April 3, 1973, entered into by the plaintiffs in this action.