Bernard S. Meter, J.
Defendants Progress Lithographing Co. and the Lith Ink Company were served with summonses in Ohio on January 14, 1964. On February 10, 1964, each served a notice of appearance and demand for a copy of the complaint. The complaint was served about April 9, 1964 and on May 1, 1964, defendants and plaintiff stipulated to extend the time of defendants to answer until May 20, 1964. The answers when served set forth as the second affirmative defense objection to jurisdiction over the person. Plaintiff now moves to dismiss the defense contending that by appearing February 10, 1964 and stipulating to extend time to answer on May 1,1964, defendants have waived objection to jurisdiction. The motion is denied.
CPLR 320 (subd. [b]) provides that “ an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted at the time of appearance by motion or in the answer.” Plaintiff points to the words “ at the time of appearance ” and to the Fifth Report of the Senate Finance Committee (N. Y. Legis. Doc., 1961, No. 15) which states (p. 280), that those words were added to the section to make it “ clear that, having appeared without raising an objection to personal jurisdiction, the defendant cannot raise it as an afterthought in his answer or by motion.” The stipulation extending time to answer clearly is not an appearance for CPLR 320 (subd. [a]) establishes but three ways in which appearance is made: “ by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer.” Nor would a simple demand for service of the complaint constitute an appearance, for CPLR 3012 (subd. [b]) specifically provides otherwise. But if the language of 820 (subd. [b]) is determinative, defendants must be held to have waived their objections to jurisdiction because each demand incorporated an appearance.
For a number of reasons the court concludes it should not accord to 320 (subd. [b]) the effect for which plaintiff argues. The primary reason is that CPLR 3211 (subd. [a]) sets forth as paragraph 1, the objection that 1 ‘ the court has not jurisdiction of the person of the defendant” and 3211 (subd. [e]) provides that: “ At any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted. Any objection or defense based upon a ground set forth in subdivision (a) is waived unless *647 raised either by such motion or in the responsive pleading ” (emphasis supplied). Since summons was not served with, the complaint, defendants’ time to serve an answer ran from the service of the complaint (CPLR 3012), but they would be in default in appearing if they failed to appear “ within twenty days after service of the summons ” (CPLR 320, subd. [a]) even though they demanded service of the complaint (CPLR 3012, subd. [b]). Without a complaint it is, of course, impossible to answer or to know whether plaintiff has a valid basis of jurisdiction under the “long arm” statute (CPLR 302). Defendants could protect themselves against entry of default judgment under CPLR 3215 only by appearing within 20 days after service of summons, for having received no. complaint they could not plead. They could preserve their objection to jurisdiction by appearing and at the same time moving for judgment on jurisdictional grounds, but by doing so would waive their right to make other 3211 motions after complaint was received. They were thus faced with the dilemma of allowing default judgment to be taken or forfeiting their right to make what could be important motions against the complaint.
The discussion so far has proceeded on the assumption that 320 (subd. [b]) must be read in the light of the Senate Finance Committee Report quoted above. It is, however, important to note that, except for the explanation contained in the report, 320 (subd. [b]) is ambiguous in that the phrase “ at the time of appearance” may be read to modify “by motion” alone. Read that way 320 (subd. [b]) and the quoted portion of 3211 (subd. [e]) are consistent in allowing objection to jurisdiction to be made either by motion or in the answer. Recognizing that the rules of statutory interpretation contemplate use of the committee report in such a manner, the court nonetheless declines to do so on the ground that to do so would raise serious due process questions. To take from defendants their right to object to jurisdiction over their persons under a construction of 320 (subd. [b]) which is flatly inconsistent with 3211 (subd. [e]) and which results from material not contained in the statute itself may well violate constitutional rights.
That the conclusion thus reached is the proper one is substantiated by the amendment of CPLR 320 (subd. [b]), effective September 1, 1964, to delete the words “ at the time of appearance ”. The amendment is one made by the Judicial Conference, and its report sets forth the reason for the change as follows: “ The requirement that an objection to jurisdiction of the person of the defendant must be asserted ‘ at the time *648 of appearance ’ in order to be effective is inconsistent with rule 3211(e) and may prove a trap for the unwary. In order to avoid such an unintended result the proposed change should be made.” The motion is, therefore, denied.