Martin B. «Stbohbr, J.
This is a motion to vacate an attachment made pursuant to order (iCPLR 6201, subd. 1) in a suit for the alleged breach of an employment contract and a debt. The following allegations made by the defendant are not controverted:
The plaintiff resides in Fort Lee, New Jersey. The defendant corporations are New Jersey corporations and have their principal places of business in Woodridge, New Jersey. The *361 employment agreement on which the action is based was executed in New Jersey and provides by its terms that it is to be interpreted and construed pursuant to New Jersey law. The defendants have no place of business in New York, no offices, showrooms, manufacturing or distribution .facilities in New York and own no property in New York. During plaintiff’s employment with the defendants, he operated out of the defendants’ offices in New Jersey and Pennsylvania. Pursuant to the order of attachment issued out of this court, approximately $200,000 of defendants’ assets in 'Chemical Bank, New York iCity, have been seized, seriously impairing the defendants’ ability to carry on their day-to-day business activities.
The plaintiff contends that because a substantial portion of defendants’ suppliers and customers are situated in New York and defendants’ executives are .regular and frequent visitors to New York business, financial and insurance establishments, that defendants are ‘ ‘ doing business ’ ’ within this 'State and are therefore amenable to suit under section 1314 (subd. [b], par. [5]) of the Business Corporation Law.
There is little doubt that the defendants at all times were amenable to suit in the -State of New Jersey where the parties reside, whose law governs their substantive rights, where their contract was made, where their contract was performed and where it is eventually alleged to have been broken. What was not available to the plaintiff in New Jersey was the ability to declare the defendants nonresidents and thereby seize their assets prior to judgment (S. D. Sales Corp. v. Doltex Fabrics Corp., 96 N. J. Super. 345). Accordingly, they set sail across the Hudson River in search of a jurisdiction where the potential for harassment is built into its law (CPLR 6201, subd. 1). No other reason whatever exists for bringing this action in New York. Under such circumstances, instead of trying the issue of jurisdiction posed under section 1314 (subd. [b],• par. [5]) of the Business Corporation Law, the court should consider the discretionary right to refuse the hospitality of our courts under the doctrine of forum non conveniens.
The doctrine, as available in contract as in tort actions (Bata v. Bata, 304 N. Y. 51), -exists not only for the benefit of litigants, b]it for the benefit and convenience of the court itself (Carey v. Southern Peru Copper Corp., 29 A D 2d 744). “ Our courts should not be vexed with litigations between non-resident parties over causes of action which arose outside of our territorial limits ” (Bata v. Bata, supra, p. 56, citing Robinson v. Oceanic Steam Nav. Co., 112 N. Y. 315). Where, of course, special or *362 unusual circumstances exist, as where ¡great hardship would be occasioned ¡by a refusal to entertain the suit, or no other jurisdiction is readily available, the court should be most hesitant in' declining jurisdiction (Varkonyi v. Varig, 22 N Y 2d 333). But where no such conditions exist and the sole reason for involving this court is New York’s liberal policy of attachment, the courts’ own convenience, occasioned by serious calendar congestion* must take precedence (cf. Silver v. Great Amer. Ins. Co., 29 N Y 2d 356).
Nor need we be concerned about the expiration of New Jersey’s 'Statute of Limitations (N. J. iStat., § 2A:14-1) the cause of action having allegedly accrued during the past month.
A final question: should the court, sua sponte, invoke the doctrine of forum non conveniensÍ In this case it should. By litigating so thoroughly the issue of jurisdiction, the parties have explored their relationships to this State and the State of New Jersey to such extent that little more could :be added. And if the doctrine exists for the court’s benefit, the court should not ibe obligated to await helplessly the motion of counsel.
'Settle order on two days’ notice providing for dismissal of the complaint and vacating of the attachment two days after the entry of the order herein.
(On reargument, June 4, 1973)
The motion for renewal is granted; but I adhere to my original decision dated April 27, 1973.
Plaintiff’s arguments in support of retaining jurisdiction in this ¡State are two (affidavit of Mr. Kreindler dated May 2, 1973): that defendants have no substantial assets and “virtually ” no place of business in New Jersey, and that one of the defendants is in serious financial difficulty. Neither of these assertions, assuming their validity, warrants a different decision.
The attachment statute under which the plaintiff has sought to proceed exists for the purpose of conferring jurisdiction, provided that other reasons exist to accept jurisdiction. It does not exist to insure collection of a claim before the claim’s adjudication. Nor does it exist, where a defendant is allegedly approaching insolvency, for the purpose of creating a new class of preferred creditors.
This lawsuit has a proper situs other than in the ¡State of New York and no grounds cognizable in law exist to retain jurisdiction here.

 The average individual calendar part in this county has calendered approximately 900 cases.