Martin B. Stecher, J.
The plaintiff, a New York corporation, brought two actions against the defendant, a Louisiana corporation, for alleged breaches of contracts between the parties made in 1961 and 1965 respectively. On March 18, 1971, the Appellate Division reversed a prior Special Term order dismissing both actions for lack of jurisdiction over the defendant and referred the matter to a Special Beferee to hear and report whether or not the defendant was subject to the court’s jurisdiction under either CPLB 301 (engaged in a continuous and systematic course of doing business in this State to warrant finding the defendant’s “ presence ” here) or under CPLB 302 (subd. [a], par. 1) (the “ long arm ” statute). The defendant has moved to confirm the report. The plaintiff has cross-moved to confirm certain factual findings of the Beferee and for an order rejecting other findings and the Beferee’s recommendations.
The finding of fact upon which there is apparently no dispute is that “ there was ample proof that the Standard Paint Division of defendant did business in this State not occasionally or casually but with a fair measure of permanence and continuity from February 1969 until May 1970. As (to) such division of defendant, it must be held that the defendant was doing business.”
I confirm this finding. It is undisputed that both actions were started during this period between February, 1969 and May, 1970. Accordingly, this court has had and does have jurisdiction over the defendant despite the fact that the various causes of action are unrelated to the business the defendant was conducting in New York (Public Administrator of County of N. Y. v. Royal Bank of Canada, 19 N Y 2d 127; *261 Frummer v. Hilton Hotels Int., 19 N Y 2d 533). . It is thus unnecessary to deal with the Referee’s finding, disputed by the plaintiff, that no jurisdiction was created under the “ long arm” statute (CPLR 302, subd. [a], par. 1).
Had the parties proceeded promptly to trial of the jurisdictional issues, there is little doubt that the finding under CPLR 301 would have been the end of the matter. For under the law, as it existed in 1971, so long as either party was a resident in the State of New York and the court had jurisdiction over both, the retention of jurisdiction was mandatory (de la Bouillerie v. de Vienne, 300 N. Y. 60, 62; Silver v. Great Amer. Ins. Co., 29 N Y 2d 356, 358). But because of the parties’ delay in presenting evidence, responding to subpoenas, taking out-of-town depositions and the like, two years elapsed before the Referee was enabled to report and in the interim, not only has the defendant pressed an action against the plaintiff in Louisiana, but the law has changed (Silver v. Great Amer. Ins. Co., supra; CPLR 327). Now, mere residence of a party no longer mandates the retention of jurisdiction once acquired but “ substantial justice ” becomes the test of retention or rejection under the doctrine of forum non conveniens (CPLR 327).
The Referee has made no mention of this doctrine in his report and indeed it would appear, on the surface, to be beyond the scope of the reference which seeks only what is (jurisdiction) and not what ought to be (forum non conveniens) ; but underlying his recommendation is CPLR 327 and, in my opinion, the issue was properly considered.
In his report, the Referee emphasizes that only a miniscule portion of the defendant’s 218 million dollars of annual sales involved doing business in New York and none of the New York based business involves a division in which dealings were had with the defendant. He says ‘ ‘ to require defendant to defend these actions in New York, when the vast amount of its business is conducted in Louisiana, when it maintained an office for only a short time in New York and the business done in New York was de minimis in comparison to its overall business and where it now no longer maintains an office would offend the notions of fair play and substantial justice. I, therefore, find that defendant was not doing business in New York .sufficient to be amenable to jurisdiction here. Accordingly, I recommend that the motions to dismiss the complaints on jurisdictional grounds, determination of which were held in abeyance, be granted.”
*262 The threshold question is whether or not Silver v. Great Amer. Ins. Co. (supra) and CPLR 327 apply to cases commenced prior to the Silver decision. The change has been determined to be a “ procedural matter ” only (Silver v. Great Amer. Insur. Co., supra, p. 363) and accordingly the doctrine will be applied to cases previously commenced (Heller v. National Gen. Corp., 39 A D 2d 688).
The burden of rejecting jurisdiction is not to be lightly assumed. The application of forum non conveniens is usually to be found in cases which may be described as f1 imported litigation ” (Taurus, Inc. v. Boeck Fuel Co., 38 A D 2d 702); or where the relationship of the litigation to New York is “patently tenuous ” (Heller v. National Gen. Corp., supra); or where the contract and the real parties in interest have no relationship to New York, the negotiation and performance of the contract occurred elsewhere and the contract was to be, by its terms, interpreted by the laws of the State to which it had a more intimate relationship (Heller v. National Gen. Corp., supra); or where the plaintiff is a nonresident shopping for a more benign jurisdiction (Matter of Hubbell v. Insurance Co. of North Amer., 40 A D 2d 696; Silver v. Great Amer. Insur. Co., 29 N Y 2d 356, 38 A D 2d 932; Wachsman v. Craftool Co., 77 Misc 2d 360). The reason underlying the development of the rule was stated by the Court of Appeals in Silver v. Great Amer. Ins. Co. (supra, p. 360): “As a general rule, a plaintiff with a transitory cause of action has a wide choice of forums in which to sue. iSuch forums often bear little relation either to the cause of action or to the parties and are selected by the plaintiff with the purpose of unduly burdening or harassing a defendant. * * * The doctrine of forum non conveniens was developed by the courts to counter such a step, ‘ to justify ’, it has been noted * * * ‘ stay or dismissal in situations in which it was found that, on balancing the interests and conveniences of the parties and the court, the action could better be adjudicated in another forum’.”
Despite the language of the codifications of the Silver rule (CPLR 327) providing that the “ domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action”, no case reported in this jurisdiction since Silver (supra) has barred access to our courts to a resident plaintiff (cf. Slaughter v. Waters, 41 A D 2d 810; see, also, 48 St. John’s L. Rev. 173-174) who is the original owner of a claim. (Resident assignees of foreign claims have fared less well; Taurus, Inc. v. Boeck Fuel Co., 38 *263 A D 2d 702, supra; Heller v. National Gen. Corp., supra.) “ In any situation, the balance must be very strongly in favor of the defendant, before the plaintiff’s choice of forum should be disturbed ” (Olympic Corp. v. Societe Generale, 462 F. 2d 376, 378); and this should be particularly true when a bona fide New York resident seeks to redress a grievance in the courts of his own State.
An examination of the pleadings, the contracts on which the actions are based and the transcripts of the lengthy testimony presented to the Referee reveal the following .situation: In 1961, the plaintiff, a New York engineering and consulting firm which had acquired rights to certain Norwegian ship propulsion and steering devices, entered into an agreement with the defendant designating the defendant as the plaintiff’s “ exclusive sales representative and agent to solicit orders ” in the Gulf States and the States of the Mississippi River Valley, some 14 in all, extending from Florida to Texas, north to Iowa and west to Nebraska. The agreement provided “ this sales agency agreement shall be governed by the laws of the State of New York, both as to interpretation and performance ”. The first suit alleges in its first and principal cause of action that defendant breached the contractual duty set forth in the 1961 agreement to promote sales of the devices and instead promoted the sale of competing products. Damages of 5 million dollars are sought. The remaining and subsidiary causes of action alleged in this complaint are for unpaid balances for services said to have been rendered in New York, merchandise sold and delivered and the failure to return bailed property.
Unquestionably, each of the parties would find it more convenient to litigate these disputes in its home State but the area of performance of the contract was not confined to New York or Louisiana but to a broad area of the United States and under these circumstances, the facts do not demonstrate a u balance * * * very strongly in favor of the defendant ” warranting the court’s disturbance of the plaintiff’s choice of forum (Olympic Corp. v. Societe Generale, supra, p. 378).
The Referee’s recommendation that the first complaint be dismissed is disapproved and the defendant’s motion to dismiss that complaint is denied.
The second action involves a contract made between the parties in 1965 pursuant to the terms of which the defendant was to manufacture for the plaintiff propellers and other *264 equipment. The defendant, as a matter of right, renounced the agreement shortly after it was made. The plaintiff alleges that during the term of the agreement and thereafter and, in breach of a fiduciary obligation, the defendant manufactured and sold to others equipment made from the plans, drawings and designs provided by the plaintiff, that it continues to do so and that it refuses to restore those articles to the plaintiff despite the express provisions of the contract for their return. In that action, the plaintiff seeks specific performance for the return of the articles; an injunction prohibiting the use of the plans, drawings and other items; an accounting for articles manufactured from these plans; and for punitive damages. No issue is raised as to how well or how badly the defendant manufactured the various items.
Again the only consideration shown for rejecting jurisdiction in this State is the fact that the defendant’s convenience would be served by bringing the suit in Louisiana. Presumably, such a course would be equally inconvenient to the plaintiff. 'Where the court clearly has jurisdiction over each party and in the absence of demonstrating an injustice by retaining jtirisdietion, the court should not disturb the choice of forum made by the plaintiff. The Referee’s recommendation that this complaint be dismissed is disapproved and the motion to dismiss it is denied.