Arnold L. Fein, J.
This is a motion "by defendant to dismiss the action upon the ground of forum non conveniens and to vacate the underlying order of attachment.
Plaintiffs and defendant are citizens and residents of Cali, Colombia, South America. The action is brought to recover $11,000 on three checks drawn by defendant in Cali, Colombia, upon a New York bank, and delivered to the payee in Cali, Colombia. Plaintiffs, who claim to be holders in due course under the applicable provisions of the Uniform Commercial Code, allege delivery of the three checks to them in Colombia for a valuable consideration, duly indorsed by one Jaime Heim, said to be the actual payee, also a resident of Colombia. Although each check is payable to a different named payee, plaintiffs contend only one payee was intended, the indorser, Jaime Heim, who allegedly used all three names. Payment on the checks was stopped by defendant. Jurisdiction was obtained by an order of attachment served upon Republic National Bank of New York on which the checks were drawn and where the funds are located.
Plaintiffs contend that this court may not "decline jurisdiction, even in the exercise of discretion, because the causes of action arose in New York in that the checks were drawn on a New York bank where they were also stopped. However, it appears that the checks were executed, delivered and ultimately indorsed to *691 plaintiffs in Colombia, where the stop payment orders were apparently issued to the New York bank. It is unnecessary to determine whether the causes of action arose in New York, although it is obvious they have a limited nexus with New York by virtue of the presence here of the bank on which the checks were drawn and stopped and in which the funds are located. However, these considerations are not controlling. All of the pertinent transactions relative to liability on the checks took place in Colombia, among residents and citizens of Colombia, including the underlying transaction which led to issuance of the checks. Moreover, the alleged payee of the checks, not made a party but who may be an indispensable witness on the issue of plaintiffs’ right to recover, resides in Colombia and is not subject to the compulsory process of this court.
Under current doctrine, application of forum non conveniens 1‘ should turn on considerations of justice, fairness and convenience ”, and relief by dismissal should be granted “ when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties.” (Silver v. Great Amer. Ins. Co., 29 N Y 2d 356, 361.) Although that was a tort case and the issue decided was that residence of one of the parties in New York did not bar dismissal on the ground of forum non conveniens, the court noted the doctrine was applicable in contract actions. (Silver, supra, p. 362, citing Bata v. Bata, 304 N. Y. 51; see Katz v. Liston, 22 A D 2d 205.)
CPLR 327, codifying the Silver rule, does not confine forum non conveniens to tort cases. Nor does the statute preclude application of the doctrine in cases in which the cause of action arose in New York. As stated in Silver v. Great Amer. Ins. Co. (29 N Y 2d 356, 360, supra): “ As a general rule, a plaintiff with a transitory cause of action has a wide choice of forums in which to sue. Such forums often bear little relation either to the cause of action or to the parties and are selected by the plaintiff with the purpose of unduly burdening or harassing a defendant.”
This is such a case. Patently, the undisputed fact that the checks were drawn on a New York bank which honored its foreign depositor’s stop order is not relevant to any litigated issue in the case. The bank is not even a party to the lawsuit. The action is brought here by nonresidents against a nonresident, as plaintiffs’ counsel concedes, largely to gain the benefits of our attachment statute so that any judgment which plaintiffs may obtain will be secured. Although this is not the ground on which the attachment here was granted, an attachment with such *692 real purpose may well be invalid on constitutional grounds. (Sugar & Wrestling Revue v. Curtis Circulation Co., 383 F. Supp. 643, holding the New York attachment statute [CPLR 6201 et seq.) unconstitutional, except where necessary to acquire jurisdiction of defendant.)
The only purpose of the section of the statute under which the attachment here was obtained is to confer jurisdiction. It is not the objective of the statute to insure collection of a claim before it has been adjudicated, although that may be an incidental benefit and the real reason plaintiffs sought the attachment (Wachsman v. Craftool Co., 77 Misc 2d 360).
The existence of jurisdiction, however premised, is not dis-positive. Forum non conveniens presumes the fact of jurisdiction, to be declined where it is “ ‘ found that, on balancing the interests and conveniences of the parties and the court, the action could better be .adjudicated in another forum.’ ” (Silver v. Great Amer. Ins. Co., 29 N Y 2d 356, 360, supra, citing Varkonyi v. Varig, 22 N Y 2d 333; Bata v. Bata, 304 N. Y. 51, supra; Gulf Oil Corp. v. Gilbert, 330 U. S. 501.) As these and other cases hold, the unnecessary burden on our courts is a factor to be considered. This case is, on balance, a species of “ imported litigation ” (Tauris, Inc. v. Boeck Fuel Co., 38 A D 2d 702) with a patently tenuous ” relationship to New York (Heller v. National Gen. Corp., 39 A D 2d 688, 689), in which nonresident plaintiffs are shopping with the objective of “unduly burdening” nonresident defendants (Matter of Hubbell v. Insurance Co. of North Amer., 40 A D 2d 696; Silver v. Great Amer. Ins. Co., supra) with an attachment obtained for jurisdictional purposes but actually intended to provide security for such judgment as may be obtained (Wachsman v. Craftool Co., 77 Misc 2d 360, supra). It is noteworthy that such procedure would not be available against a resident defendant amenable to process.
Although “ the balance must be very strongly in favor of the defendant, before plaintiff’s choice of forum should be disturbed ” (Olympic Corp. v. Societe Generale, 462 F. 2d 376, 378), defendant has sustained his burden. The inconvenience to the parties and the court is manifest. The cause of action has only a minimal nexus with New York. There is another forum available to all parties, Colombia, where they reside and where the transaction occurred.
Plaintiffs’ reliance on McHugh v. Paley (63 Misc 2d 1092) and Katz v. Liston (22 A D 2d 205, supra), both pre-Silver cases, is misplaced. In both cases all of the defendants were net *693 amenable to process in the only other available forum. Moreover, in McHugh, the principal defendant was a New York resident. In Kats, the principal defendant was not amenable to process in the only other available forum.
There is a suggestion in the attorneys’ affidavits, not based on personal knowledge, that the underlying transaction may have involved a sale of United States dollars in Colombia, which may have violated that country’s currency regulations. The court has not considered this possibility in arriving at its determination, although this problem of applying foreign law might provide an additional reason for declining jurisdiction.
Accordingly, defendant’s motion to dismiss and to vacate the attachment on the ground of forum non conveniens is granted subject to the condition, to be incorporated in the order to be settled hereon, that defendant stipulates to accept service of process in and submit to the jurisdiction of the appropriate court in Colombia, South America, for a resolution on the merits of the dispute between the parties and to waive any applicable Statute of Limitations.