OPINION OF THE COURT
Ira Gammerman, J.
All defendants except Bank Hapoalim, B.M., move pursuant to CPLR 6223 to vacate an order of attachment previously obtained, based on the failure of the plaintiff to serve a summons on these individual defendants within 60 days as required by CPLR 6213. Plaintiff opposes the motion maintaining that the individual defendants have appeared thereby waiving the necessity of that service.
All of the individual parties are citizens and residents of Venezuela. Together they established an escrow account at Bank Hapoalim’s Cayman Island branch apparently for the purpose of providing for a contingency reserve in the event that they were found to be liable to “a foreign government” for income taxes or other assessments. Plaintiff maintains that the individual defendants used their pro rata portions of the fund as collateral for personal loans and that by so doing violated an agreement between the individual parties. Plaintiff seeks rescission of the agreement and payment to him by defendant bank of his pro rata share of the fund. Plaintiff alleges that the account initially established in the bank’s Cayman Island branch *108 was transferred to its New York office in March, 1975. It is this account which was attached.
It is not disputed that service was properly made on the bank and that the individual defendants have never been served.
As indicated above, plaintiff maintains that that service was waived by several actions taken by the individual defendants subsequent to the levy (pursuant to an ex parte order of attachment on April 20,1982) on the account here in New York. (Whether the account is in fact in New York is subject to dispute, but one which need not be resolved on this motion.) Plaintiff initially maintains that the removal of this action by the individual defendants to Federal court constitutes an appearance. Such removal would undoubtedly constitute an appearance in 1893 (Farmer v National Life Assn. of Hartford, Conn., 138 NY 265). Farmer, however, has not been reaffirmed by an appellate court in this State for a considerable period of time and the Federal courts have expressed some doubt with respect to its current validity. In Wurtenberger v Cunard Line (370 F Supp 342, 343) Judge Tyler wrote that “it would appear that even according to the law of New York State” defendant’s “action of filing removal papers would not be considered to be a waiver of his defense of lack of jurisdiction of the person, since his time for serving responsive pleadings had not expired and he had made none of the motions mentioned in Rule 3211(a) of N.Y. Civil Practice Law and Rules, C.P.L.R. (McKinney).” This court agrees with Judge Tyler’s reasoning and conclusion particularly as, in the instant case, the jurisdictional objection was raised in the petition on removal. (See, e.g., Rockwell v United States Fid. & Guar. Co., 137 F Supp 317.)
Plaintiff maintains, further, that by participating in the deposition of the bank as to the location of the account, the attorney for the individual defendants made an appearance. At that deposition defendants’ attorney basically confined himself to seeking clarification of questions, reserving his rights with respect to the motion to vacate the áttachment which at that time was pending in the Federal District Court. This does not rise to the level of an appearance. (Cf. McGowan v Bellanger, 32 AD2d 293.)
*109 Certainly, there has been no showing of any intent on the part of the individual defendants to waive the requirement of proper service. The making of this motion does not constitute an appearance (CPLR 6222), nor does the parenthetical comment with respect to the merits contained in the moving papers. The unqualified stipulation entered into between the parties extending the time of the individual defendants to answer or otherwise move is, similarly, not a general appearance. (Developers Small Business Investment Corp. v Puerto Rico Land & Dev. Corp., 42 Misc 2d 23.) Nor can the participation by the attorney representing the individual defendants in unsuccessful settlement negotiations constitute such an appearance.
Although the notice of this action does support an attachment in that the complaint seeks relief broader than merely rescission (cf. Capehart Corp. v Shanghai Commercial Bank, 49 AD2d 521), the order of attachment must be vacated because of the failure on the part of plaintiff to serve the summons on the individual defendants within the 60 days required by CPLR 6213. Inasmuch as the court has found that jurisdiction has not been obtained it is not necessary to consider the request for dismissal on the basis of forum non conveniens. (Sutton v Garcia, 80 Misc 2d 690.)
The motion is granted.