OPINION OF THE COURT
George E. Wade, Jr., J.
Petitioner commenced this holdover proceeding to recover premises leased to respondent and in addition demands payment for use and occupancy as of February 1, 1985 in the amount of $16,666.66 per month, along with legal fees, costs and disbursements.
Respondent moves to dismiss the holdover petition or, alternatively, the demand for money damages on the ground that the demised premises have been delivered to petitioner and further that the court has not obtained personal jurisdiction over it sufficient to sustain a claim for a money judgment in this summary proceeding.
FACTS
The attorneys have stipulated upon the record that the respondent was served by conspicuous place service at the premises herein. Both attorneys agree that such service would not ordinarily, without an appearance in the proceeding by the respondent, support an award of a money judgment for rent in arrears.
In the petitioner’s affirmation in objection to respondent’s *698 motion to dismiss, petitioner alleges that since the respondent has participated in the proceeding by appearing and adjourning the matter; by entering into negotiations with respect to a settlement and by surrendering possession of the premises, he has in fact waived any claim as to lack of in personam jurisdiction. Petitioner further argues that a copy of the notice of petition and petition was conspicuously affixed to the respondent’s place of business and subsequent thereto, copies were sent by certified and ordinary mail to the respondent at the premises sought to be recovered.
Respondent in its reply affidavit alleges that it appeared on March 1, 1985 to seek an adjournment on consent and informed petitioner that if it refused to consent respondent would make an application to the court. Respondent alleges that petitioner consented and that thereafter both parties entered into settlement negotiations, with respondent advising petitioner that if an agreement could not be reached it would move to dismiss for lack of jurisdiction. Respondent submits that its only appearance in this action was by moving to dismiss the petition for lack of jurisdiction, and as such the court has not obtained personal jurisdiction over it sufficient to permit entry of a money judgment in petitioner’s favor.
LAW
It is settled law that CPLR 101 governs procedures in civil proceedings in all courts except where the procedure is regulated by "inconsistent statute”. Likewise, CCA 204 has jurisdiction over summary proceedings to recover possession and to render judgment for rent due. With this established, the court herein must disagree with the holding in Schwartz v Power Conversion (115 Misc 2d 217 [1982]), wherein that court expressly noted its doubt as to whether CPLR 320 applied to summary proceedings, for there is nothing within RPAPL article 7 inconsistent therewith. Consequently, this court finds that CPLR 320 governs the methods whereby a party to a summary proceeding is deemed to have made an appearance and thus submitted to personal jurisdiction of the court. The methods as prescribed by CPLR 320 for making a "formal appearance” are (1) appearance by serving an answer; or (2) by serving a notice of appearance; or (3) by serving a motion which has the effect of extending the time to answer. A fourth method though not described as a "formal appearance” but rather an "informal appearance,” which has arisen through *699 case law, is where the party appears and participates as a genuine actor in the substance of the action. This act will undoubtedly serve to constitute an appearance by that party and constitute personal jurisdiction.
The question as to what constitutes an appearance has been somewhat tenuous, in the sense that there is no set standard by which it can determine when an appearance has been made, if the conduct of the parties do not fall within the parameters of CPLR 320. As recent as 1983, the court in Simkins v Gruenspan (118 Misc 2d 107 [NY County]) held that participation by the attorney representing the defendant in unsuccessful settlement negotiations did not constitute an appearance. Similarly, in Becker v Lesnick (96 Misc 2d 819 [NY County 1978]), wherein the defendant executed several stipulations for the purpose of extending its time to answer, the court found that such stipulations did not constitute a waiver of personal jurisdiction since defendant could have interposed a jurisdictional objection in its answer or by motion pursuant to CPLR 3211 (8). Also, the court in Renewal Prods. v Kleen-Stik Prods. (43 Misc 2d 645 [1964]) stated that by entering into a stipulation for the extension of time to answer, it was clearly not an appearance under CPLR 320. In an earlier decision in 1923, the court stated that obtaining an extension of time did not suffice to constitute a waiver where the defendant continually asserted that it was appearing for a limited purpose (Zabriskie v Second Natl. Bank, 204 App Div 428, 431). However, contrary to the above holdings, in Braman v Braman (236 App Div 164 [1932]), the court therein espoused that by obtaining adjournments and seeking extensions of time in which to answer, the respondent had waived its objection to the court’s jurisdiction. Likewise, in Capuano v Zolla (10 Misc 2d 96 [1958]), the court found that the defendant had appeared by entering into stipulations extending the time to answer.
In this case, respondent sought and was given an adjournment on consent. Respondent did not serve an answer nor a notice of appearance nor a motion which had the effect of extending its time to answer and thus has not made a formal appearance pursuant to CPLR 320. This court does not believe that by obtaining an adjournment on consent, or by entering into settlement negotiations, or by surrendering the premises, without more (see, CPLR 320 [a]) is sufficient tó warrant casting this respondent into the tenacles of the court’s jurisdiction.
*700 Therefore under the circumstances, the proof submitted has failed to establish that the respondent has made an appearance sufficient to sustain a claim for a money judgment in this summary proceeding.