◼ CITY OF SYRACUSE, Appellant, v UNITED STATES FIDELTY AND GUARANTY COMPANY, Respondent. [643 NYS2d 858] —Judgment unanimously affirmed without costs. Memorandum: At the outset, we note that plaintiff appealed from the order granting defendant's motion for summary judgment dismissing the complaint rather than from the judgment in which the order was subsumed. In the exercise of our discretion, we treat the appeal as taken from the judgment (see, Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988; CPLR 5520 [c]).

Plaintiff commenced this breach of contract action on September 1, 1994, by filing a summons with notice in the Onondaga County Clerk's Office (see, CPLR 304). The action was dismissed by operation of law 120 days later because plaintiff failed to serve the summons on defendant and thus did not file proof of service (see, CPLR 306-b [a]). After plaintiff recommenced the action pursuant to CPLR 306-b (b) by serving a summons and complaint on February 9, 1995, defendant moved for summary judgment dismissing the action as untimely. Supreme Court properly granted defendant's motion.

In 1987 plaintiff accepted a bid from Breen, Inc. (Breen), to perform heating, ventilation and air conditioning work on a school conversion project. The contract called for a completion date of September 30, 1988, and required Breen to obtain a performance bond naming plaintiff as obligee. Breen obtained a bond from defendant in the amount of $384,000. Breen abandoned the worksite on August 3, 1988, leaving approximately 15% of the work undone. Plaintiff commenced this action against defendant, as surety, to recover damages allegedly arising from Breen's breach of the contract.

The Statute of Limitations for an action on a performance bond is six years (CPLR 213 [4]), and plaintiff concedes that the action against defendant accrued upon Breen's default (see,

*State of New York v Peerless Ins. Co.*, 117 AD2d 370, 373; *Gazza v United Cal. Bank Intl.*, 88 AD2d 968). Plaintiff contends, however, that Breen did not default, and thus that the action did not accrue until September 30, 1988, the completion date under the contract. We disagree. The action accrued not later than August 9, 1988, when plaintiff declared Breen to be in default and terminated the contract (*see, State of New York v Peerless Ins. Co., supra*). Because plaintiff did not file the summons with notice within six years of that date, the court properly granted defendant's motion, dismissing the action as untimely. We need not decide, therefore, whether plaintiff effectively recommenced the action pursuant to CPLR 306-b (b). (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.