OPINION OF THE COURT
Edmund A. Calvaruso, J.
Defendants move to dismiss contending lack of personal jurisdiction, and ask the court to strike the matter from its calendar or dismiss the action. Plaintiffs oppose the application.
A. QUESTION PRESENTED
The issue in this case, a matter of first impression, is whether an automatic dismissal occurs if the defendant appeared within the 120 days following commencement-by-filing, but the plaintiff filed no papers with the clerk so indicating.[1] This court holds it does not.
B. UNDERLYING ACTION
Plaintiff Betty L. Kimmel was a female State Trooper with the New York State Police. She had been employed as a Trooper since 1980, and asserts certain harassment, discrimination, and retaliation associated with her gender. She maintains causes of action against each of the defendants based upon the atmosphere and incidents cited in her complaint.
Plaintiffs, through their attorneys, commenced an action by filing a summons and complaint with the Monroe County Clerk’s office on May 24, 1995. Copies of the summons and complaint were then sent to defendants James W. McMahon, *908 David M. Luitweiler,[2] Ronald K. Wall, Steve LaLonde and Linda Stevens-Wagner by first class mail.
C. THE STIPULATION AND APPEARANCE
Plaintiffs’ counsel affirms, under penalty of perjury, that she was contacted on June 6, 1995 by Charles D. Steinman, Esq., an Assistant Attorney-General of the State of New York. At that time, Mr. Steinman reportedly asked for a 30-day extension to answer or otherwise move. Plaintiffs’ counsel prepared a proposed stipulation of June 19, 1995 which was thereafter revised on June 21, 1995 to reflect the corrections and deletions of attorney Steinman. The document was signed by defendants’ counsel, returned to plaintiffs’ counsel, who in turn dated it (Sept. 5, 1995), signed it, and forwarded the agreement to the undersigned Judge.
The terms of the agreement were "so ordered” by the court. The stipulation provided, in pertinent part: "Charles D. Stein-man, Esq., Assistant Attorney General of the State of New York * * * appears generally in this action for State of New York, New York State Division of State Police, James W. McMahon * * * Ronald K. Wall * * * Steve LaLonde * * * and * * * Linda Stevens-Wagner * * * The defendants * * * acknowledge that they have been duly and personally served with the Summons and Complaint in this action and that the court has personal jurisdiction over each of them.” (Emphasis added.)
Within 120 days following commencement, the defendants served answers dated July 24, 1995 and July 26, 1995.[3] The answers contained no affirmative defense relating to lack of personal jurisdiction (i.e., CPLR 3211 [a] [8]). An initial pretrial settlement conference was then scheduled with the court for August 3, 1995.
D. EXTENDED AND DETAILED PARTICIPATION BY DEFENSE COUNSEL
After a conference on August 3, 1995, and a subsequent pretrial held September 15, 1995, the court signed a scheduling order dated November 22, 1995. The order directed responses *909 to discovery, and certain other relief.[4] Thereafter, by notice of motion dated July 25, 1995 and heard October 20, 1995, the defendants moved to dismiss portions of the complaint pursuant to CPLR 3211 (a) (1), (2), (5) and (7). The motion did not contain a challenge to personal jurisdiction (i.e., CPLR 3211 [a] [8]). The matter was heard upon submission, and this court issued a decision dated January 2, 1996.[5] In September of 1996, plaintiffs’ counsel again sought to progress discovery.[6] Pursuant to section 17 of the Public Officers Law and letter dated December 10, 1996, defendant LaLonde rejected representation by the Attorney-General’s office, and presented a substitution of counsel in favor of private attorney Mary E. Taylor, Esq.[7]
At request of counsel, yet a further conference was scheduled before this court.[8] By letter dated February 12, 1997, the Attorney-General’s office now claims defendants State of New York, New York State Division of State Police, James W. McMahon, Ronald K. Wall, and Linda Stevens-Wagner were not properly served.[9] The court directed formal motions involving the service issue, if any, shall be submitted before February 21, 1997 at 5:00 p.m. Responses would be due no later than February 28, 1997 at 5:00 p.m. A written order was signed comprising the oral directives.
*910 E. LEGAL ARGUMENT OF DEFENDANTS
The Attorney-General’s office maintains: "Approximately two weeks ago, it came to my attention that there were copies of what purported to be an unexecuted Order / stipulation in my file. There were no cover letters conveying the Order/ stipulation to opposing counsel or the Court. I also noticed that while there was a copy of a Proof of Service on David Luitweiler, there were none pertaining to any other defendant.”
Defendants now insist it is "some 21 months after the commencement of the action” without signed acknowledgments of service,[10] and "17 months after the action would have been deemed dismissed”. [11] Thus, defendants ask the court to make two leaps. First, the lack of signed acknowledgments of personal service by mail, per CPLR 312-a, warrants dismissal. Second, failure to file the acknowledgments within 120 days of commencement subjects plaintiffs to dismissal by operation of law of CPLR 306-b.
The court does not agree.
F. ENFORCEABILITY OF PRIOR COUNSEL’S AGREEMENT
An agreement between counsel to appear on behalf of certain defendants, to acknowledge personal service of the summons and complaint, and to concede personal jurisdiction is enforceable. CPLR 2104 specifically provides: "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.” (Emphasis and underscore added.)
There can be no dispute that unless the stipulation is in open court, it must be in writing.[12] And, judicial policy generally favors enforcement of stipulations.[13] Moreover, courts have held an appearance by an attorney on defendant’s behalf *911 amounts to a waiver of right to challenge jurisdiction.[14] Here, the execution of a stipulation in writing by prior counsel was sufficient to constitute an appearance and sustain personal jurisdiction.
G. TIMELY PERSONAL SERVICE UNDER CPLR 312-a AND IMPACT ON CPLR 306-b
Commencement-by-filing "revolutionized” civil practice since becoming effective on July 1,1992.[15] Since that time trial courts have confronted a number of first impression issues regarding CPLR 306-b.[16] After commencement-by-filing on May 24, 1995, plaintiffs’ attorney initially sought to obtain personal jurisdiction by service using first class mail per CPLR 312-a.
CPLR 312-a permits personal service by mail if the defendant signs an acknowledgment of receipt. Failure to return a signed acknowledgment can result in assessment against the particular defendant for reasonable expenses of a process server. (CPLR 312-a [f].) Thus, the statute "encourages” completion of the acknowledgment by avoidance of expenses associated with traditional service of process costs.
Notwithstanding, nothing in CPLR 312-a prevents a stipulation as afforded by CPLR 2104 in lieu of the prescribed affirmation acknowledging receipt.[17] The enforcement provision for filing of the acknowledgment is contained in CPLR 306-b.[18]
*912 Turning to CPLR 306-b (a), that statute specifically states: "If proof of service is not filed and there has been no appearance by the defendant within the time provided in this section for filing proof of service, the action or third-party action shall be deemed dismissed as to the non-appearing party with respect to whom no proof of service has been filed, without prejudice and without costs.” (Emphasis added.)
Here, counsel entered his appearance.[19] Namely, he signed a stipulation formally entering his appearance on behalf of the listed defendants. Moreover, as the settlement discussions and the pretrials would also indicate, there can be no dispute that Charles D. Steinman, Esq., and the Attorney-General acted as attorney for the said defendants.
In the memorandum decision of Matter of Owen v Comstock[20] the Court concluded failure to timely file the proof of service with the Yates County Clerk was sufficient to judge the matter "dismissed”. Despite claim to an affidavit of service being mailed to the County Court Judge, the Court reasoned there was no filing pursuant to the statute and, more importantly for the case here, no merit to petitioner’s assertion respondent appeared.
In holding the respondent did not appear, the Fourth Department in Owen (supra) cited CPLR 320 (a);[21] Agway, Inc. — Dansville Store v Curtis (195 AD2d 1077);[22]16 Lincoln Sq. Assocs. v Amrep Corp. (129 Misc 2d 697);[23] and Simkins v Gruenspan (118 Misc 2d 107, supra).[24] The facts of these cases are readily differentiated from the case at hand.
*913 In Agway, Inc. (supra), the defendant never hired an attorney. He did nothing more than send two letters to plaintiffs counsel. The letters requested an itemized statement of his account. Unlike the case at hand, no attorney ever signed a stipulation in Agway, Inc. on his behalf acknowledging service and jurisdiction. There, the Court concluded "such letters were insufficient to constitute an informal appearance”. (Supra.)
In the case before this court, an actual appearance was entered by stipulation and order. Moreover, even the extended and detailed participation by defense counsel far exceeds the letters of Agway, Inc. (supra). In 16 Lincoln Sq. (supra), the court explained Simkins v Gruenspan[25] and Renewal Prods, v Kleen-Stik Prods.[26] The 16 Lincoln Sq. court said mere "participation by the attorney representing the defendant in unsuccessful settlement negotiations did not constitute an appearance” nor did executing "several stipulations for the purpose of extending its time to answer”. (16 Lincoln Sq. Assocs. v Amrep Corp., 129 Misc 2d, at 699.) 16 Lincoln Sq. went on to conclude "defendant could have interposed a jurisdictional objection in its answer or by motion pursuant to CPLR 3211 [a] (8)” (at 699).
In the current case, the stipulation constituted an appearance and waiver of service and personal jurisdiction. The agreement yielded more than additional time to answer. It waived personal jurisdiction challenges. As well, the failure to raise the CPLR 3211 (a) (8)[27] challenge at the CPLR 3211 motion would be consistent with this understanding.
Here, the Attorney-General did more than engage in unsuccessful settlement negotiations or execute several stipulations for the purpose of extending its time to answer. They agreed by written provision that the Attorney-General "appears generally”[28] for certain defendants, and "acknowledge^]” service and personal jurisdiction. The actions of the Attorney-General constituted actual appearance and waiver of service and personal jurisdiction issues. Even if the stipulation were somehow found to be unenforceable, the cumulation of activity by the Attorney-General before this court would lead it to *914 conclude that the actions of defendants constitute an "informal appearance” leading to the same result. (CPLR 3211 [e].)
Lastly, despite review of a number of other matters before the Fourth Department involving CPLR 306-b, none would suggest denial of the instant motion.[29]
H. CONCLUSION
Accordingly, no aspect of CPLR 312-a or CPLR 306-b would prevent denial of this motion on facts presented. Automatic dismissal does not occur if the defendant appears within the 120-day period of 306-b, but the plaintiff fails to file papers with the court so indicating.[30] The filing of the acknowledgment of service is merely a ministerial act, and should not *915 vitiate the substantive appearance and waiver of personal jurisdiction formalized by the stipulated order. Therefore, defendants’ motion shall be denied. All other relief shall be denied, except that moving defendants shall pay statutory costs.

. See, Siegel, NY Prac § 63 (2d ed), 1996 Pocket Part, at 18: "An open issue is whether an automatic dismissal occurs if the defendant in fact appeared within the 120 days but the plaintiff filed no paper with the clerk so indicating.”

. Service and filing of the affidavit of service on defendant David M. Luitweiler is not disputed for purposes of this motion.

. The answers then prompted discovery demands by the plaintiff upon the defendants for depositions, requests to admit, and notice of discovery and inspection.

. The order refused to halt all discovery notwithstanding assignment of new Assistant Attorney-General Diane Cecero. The order also removed a stay of the proceeding which was in place from dispute over discovery.

. An order was signed resolving the CPLR 3211 motion, dated January 16, 1996. Defendants immediately filed an appeal of the court’s discovery order and counsel asserted their entitlement to an automatic stay by letter dated January 4, 1996, again forestalling progression of discovery in this matter. The stay was not lifted until September of 1996 when the appeal of defendants was dismissed upon appellants’ neglect to perfect it.

. Yet another attorney was assigned to replace defense counsel — Susan F. Terry, Esq. — who asked for more pretrial conference time to discuss a clarification before proceeding with discovery.

. Mary E. Taylor, Esq., continues to represent defendant LaLonde for this motion. For purposes of this motion, defendants State of New York, New York State Division of State Police, James W. McMahon, Ronald K. Wall, David M. Luitweiler, and Linda Stevens-Wagner are represented by Susan F. Terry, Esq., of the Attorney-General’s office.

. The conference was scheduled before this court for January 8, 1997. It was subsequently rescheduled, and the court was able to accommodate this matter on February 18, 1997.

. Counsel of the plaintiffs argues defendants are engaging in additional delaying maneuvers, and that the court should compel discovery previously ordered. Their position is consistent with repeated frustration affronting a plaintiffs attorney who is ready to proceed forward.

. CPLR 312-a (b) (1) (personal service by mail) — the significant bearing is that defendant must complete acknowledgment of service by mail within 30 days of receipt.

. Pursuant to CPLR 306-b which provides for filing the proof of service — the essential language provides proof of service must be filed within 120 days after filing the summons and complaint.

. Turner v Turner, 216 AD2d 910 (4th Dept 1995); Dobbins v County of Erie, 58 AD2d 733 (4th Dept 1977); Egan v Federated Dept. Stores, 108 AD2d 718 (2d Dept 1985).

. Rhulen Agency v Gramercy Brokerage, 106 AD2d 725 (3d Dept 1984); Nishman v De Marco, 76 AD2d 360, 368, appeal dismissed 53 NY2d 642.

. Skyline Agency v Coppotelli, Inc., 117 AD2d 135 (2d Dept 1986); Matter of Baer v Lipson, 194 AD2d 787 (2d Dept 1993); Matter of R & D Equip. Leasing Co. v Adduci, 220 AD2d 900 (3d Dept 1995).

. Enos v City of Rochester, 206 AD2d 159 (4th Dept 1994).

. See, e.g., Luckern v Lyonsdale Energy Ltd. Partnership, — AD2d —, 1997 NY Slip Op 02364 (4th Dept, Mar. 14, 1997); Huang v Revilla, 170 Misc 2d 617 (Sup Ct, Queens County 1996); Foley v Foley, 170 Misc 2d 87 (Sup Ct, Monroe County 1996); Mason v American Theatre Wing, 165 Misc 2d 432 (Sup Ct, NY County 1995); Hallman v Horowitz, 160 Misc 2d 225 (Nassau Dist Ct 1994); Ruiz v New York City Hous. Auth., 216 AD2d 258 (1995).

. Siegel, NY Prac § 76A (2d ed), 1996 Pocket Part, at 23; see also, Siegel, NY Prac § 204, at 297 (2d ed) (providing parties may stipulate to almost anything).

. See, Siegel, NY Prac § 79 (2d ed), 1996 Pocket Part, at 26 (pertaining to CPLR 308 [2] or [4]): if "the time for filing proof of service under it conflicts with the time for filing proof of service under the 120-day requirement of CPLR 306-b(a), the ideal thing for the plaintiff to do, of course, is to see to a filing that satisfies both provisions. If that’s not possible, the plaintiff must note that the CPLR 306-b(a) filing is the more important” (emphasis added) (because of dismissal); see also, Siegel, NY Prac § 76A (2d ed), 1996 Pocket Part, at 23 (pertaining to CPLR 312-a and factoring in the 120-day filing of the proof of service): "[L]etting the statute of limitations deadline pass after *912 mailing the summons and complaint but before getting back the acknowledgment always put the power into the defendant’s hands to destroy the case completely just by withholding the acknowledgment.”

. This court concludes an actual appearance has been completed based on the stipulation. However, the court also regards the Attorney-General’s office as having made a so-called "informal appearance” as well, based upon their substantial participation in pretrials relating to the merits. (See, Siegel, NY Prac § 112, at 177 [2d ed]; cf., Simkins v Gruenspan, 118 Misc 2d 107 [NY County 1983].)

. Matter of Owen v Comstock, 231 AD2d 898 (4th Dept 1996).

. "Formal” appearance required by answer, notice of appearance or serving a motion.

. Two letters to plaintiffs attorney requesting an itemized statement of this account was not an appearance.

. An adjournment on consent, entering into settlement negotiations, nor surrendering the premises were "informal appearance”.

. Neither removal of this action by the individual defendants to Federal court, nor participation by the attorney in the deposition of the bank as to the location of the account, nor participation by the attorney representing *913 the individual defendants in unsuccessful settlement negotiations constitutes an appearance.

. Simkins v Gruenspan, 118 Misc 2d 107 (NY County 1983), supra.

. Renewal Prods. v Kleen-Stik Prods., 43 Misc 2d 645 (1964).

. See, CPLR 3211 (e): "no more than one such motion”; note the CPLR 3211 motion did not include a personal jurisdiction dispute.

. See, Siegel, NY Prac §§ 109, 110 (2d ed).

. In Matter of Gershel v Porr (89 NY2d 327, 328-329 [1996]), the Court held commencement-by-filing was not satisfied in a special proceeding where the petitioner withdrew the originally filed order to show cause and then served a notice of petition on respondent without filing a new set of "initiatory papers and paying an additional filing fee”. Petitioner argued because the period to file proof of service had not yet expired, he was justified in reserving the petition without recommencement. Petitioner’s argument was found unavailing.
There have been other cases dealing with CPLR 306-b. In Coleman v Vansteen (227 AD2d 919, 920 [4th Dept 1996]) the Fourth Department refused to permit an amendment of the summons and complaint, or alternatively to permit service upon the purchase of an additional index number where the Court " 'never acquired jurisdiction to begin with’ ”. City of Syracuse v United States Fid. & Guar. Co. (227 AD2d 962 [4th Dept 1996]) saw the dismissal of a recommencement under CPLR 306-b (b) because summary judgment determined the claim was an untimely performance bond action exceeding the six-year Statute of Limitations.
Matter of Spodek v New York State Commr. of Taxation & Fin. (85 NY2d 760 [1995]) held special proceedings originating in the Appellate Division should be included in the 1992 commencement-by-filing act (CPLR 304) because they were not specifically excluded. In the child custody matter of Evans v Evans (208 AD2d 223 [4th Dept 1995]), the Court found commencement for purposes of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 5-A) means the date of filing, not the date of service. It reasoned, if no action had been commenced by the filing, there would be nothing to dismiss as directed by CPLR 306-b (a), i.e., "deemed dismissed” if personal service not had within the statutory period.
In a memorandum decision, the Court ruled in Seiler v Ricci’s Towing Servs. (210 AD2d 972 [4th Dept 1994]) that dismissal of a Statute of Limitations defense was "premature” since even defendant’s success on a jurisdictional defense would permit commencement of a new action under the additional time of CPLR 306-b (b).

. Regardless, if there is a dispute about what is "deemed dismissed”, the court must make the final determination, not the clerk. (See, Siegel, NY Prac § 63 [2d ed], 1996 Pocket Part; cf., Matter of Barsalow v City of Troy, 208 AD2d 1144, 1146 [3d Dept 1994] ["no action by Supreme Court was necessary to effectuate the dismissal”].)