*1044 OPINION OF THE COURT
Martin E. Ritholtz, J.
In a Civil Court action, where plaintiffs service of process is initially made by mail pursuant to CPLR 312-a, and where a duly executed acknowledgment of receipt is not returned by defendant, is the plaintiff entitled to an immediate judgment against defendant for the cost of alternate service, as set forth in CPLR 312-a (f)? Although this is an unopposed motion, and plaintiff merely seeks an immediate judgment in the amount of $20, representing the expense of subsequent service by a process server, together with the costs of this motion, nevertheless, this court is without authority to grant the relief requested herein.
Effective January 1, 1990, New York adopted CPLR 312-a as an optional and alternative method of personal service that would be available to plaintiffs in all civil actions in any court, as a cheaper and more efficient way to effect service (see, Mem of Off of Ct Admin, 1989 McKinney’s Session Laws of NY, at 2563-2565; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C312-a:l, at 421). This newly enacted statute provided for service of process by mail, with acceptance of such service optional with the defendant. Failure to timely acknowledge receipt of, and acceptance of service by the defendant requires the plaintiff to resort to other traditional and more expensive methods of service, but the defendant then is liable for the expense of the alternative method of service that is utilized, which the court is authorized to tax as a disbursement and to enter as a judgment in favor of plaintiff, provided that plaintiff is awarded costs in the action. Thus, the statute “encourages” acknowledgment and acceptance of personal service by mail, by avoidance of expenses associated with traditional service of process costs (see, Kimmel v State of New York, 172 Misc 2d 906, 911). This disbursement authority was specifically set forth in CPLR 312-a (f), along with the addition of a new section 1908-a to the CCA, UDCA, UCCA, and UJCA, entitled “Disbursement where service of process by mail is not acknowledged”, and which provided as follows: “In any action where service of process is made by mail pursuant to CPLR 312-a, and where the signed acknowledgment of receipt is not returned within thirty (30) days after receipt of the documents mailed pursuant to that section, the reasonable expense of serving process by an alternative method shall be taxed by the court as a disbursement, payable to the party serving process, if that party is awarded costs in the action or proceeding.” (See, L 1989, ch 274, §§ 2, 4, 6, 8, 10.)
*1045 Originally, pursuant to Laws of 1989 (ch 274, § 12), personal service by mail was scheduled to expire on January 1, 1992, but said sunset provision was repealed by the amendment enacted by Laws of 1991 (ch 249, § 1), which made the method of service of process by mail a permanent option.
For some unknown reason, perhaps as an oversight, the service of process by mail section was further amended pursuant to Laws of 1993 (ch 459, § 1) so as to change the disbursement provision of CPLR 312-a (f), without any parallel amendments to section 1908-a of the CCA, UDCA, UCCA, and UJCA. In relevant part, CPLR 312-a (f), as amended, continued to grant the court the authority to tax as a disbursement in favor of the party serving process the reasonable cost of alternative service, but dropped the condition “if that party is awarded costs in the action or proceeding” and added instead that “the court shall direct immediate judgment in that amount.” (L 1993, ch 459, § 1.) In the words of Professor Alexander: “An amendment that takes effect January 1, 1994, adds teeth to the statutory consequences of a defendant’s refusal to timely return the acknowledgement form in a case where service was properly made. Subdivision (f) now provides that plaintiffs right to recoup the reasonable expenses of making follow-up service by a conventional method is not dependent on winning the lawsuit. The plaintiff may immediately serve notice pursuant to CPLR 8402 and obtain a judgment at the outset for the expenses” (see, Alexander, 1993 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C312-a:5, 1998 Pocket Part, at 189).
It would appear that such “immediate judgment” relief is readily available in the Supreme Court and other such courts where CPLR 312-a (f) is applicable (see, e.g., Dazco Heating & Air Conditioning Corp. v C.B.C. Indus., 225 AD2d 578, 579). On the other hand, since section 1908-a of the CCA, UDCA, UCCA, and UJCA has not been amended to allow for “immediate judgment” of disbursements, but remains contingent on the winning of the underlying lawsuit, such immediate relief would not appear to be available in the New York City Civil Court, District Court, City Court, or Justice Court.
Parenthetically, upon review of the legislative Bill Jacket of the original 1989 personal service by mail bill (L 1989, ch 274), there was included therein a letter from the attorney in charge of the Civil Division of the Legal Aid Society, Kalman Finkel, dated July 14, 1989, which opposed the proposed bill’s applicability to the New York City Civil Court “where many low *1046 income people are sued in consumer transactions” and “will be at risk of having costs assessed against them under the proposed service scheme” despite the fact that “[m]any poor people in New York City live in apartment buildings with broken mailboxes and do not regularly receive important mail.” Instead of speculating that the 1993 amendment of CPLR 312-a (f) was intentionally exclusive of the inferior courts for reasons akin to that set forth by Mr. Finkel, the court is more inclined to believe that the failure to extend said amendment to the Civil Court and other inferior courts was a mere oversight, which should be corrected by the Legislature.*
In conclusion, for the reasons stated above, plaintiffs motion should be denied.
One further reason for denial of the motion is plaintiffs failure to present any proof that the summons and complaint were originally sent by mail to the defendant, and that they were in fact received by the defendant. To quote the Honorable Joseph M. McLaughlin: “A plaintiff might be well advised in all cases to use a ‘certificate of mailing.’ ” (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C312-a:5, at 425.) No affidavit of personal service of process by mail accompanied the motion, nor did plaintiff establish full compliance with such service requirements as enclosing “a return envelope, postage prepaid, addressed to the sender” (see, CPLR 312-a [a]; Nagy v Heuss House Drop In Shelter for the Homeless, 198 AD2d 115).

 In the same letter, Mr. Finkel acknowledged that this complaint against the proposed bill can be adequately addressed by some specific provision allowing for the exemption of the poor from assessments for the costs of service.