Lettie **BRYANT**, Individually and as Administratrix of the Estate of David Bryant, Deceased, Plaintiff,

v.

**PRINCE LINE, LTD.**, Defendant and Third Party Plaintiff,

v.

**INTERNATIONAL TERMINAL OPERATING CO., INC.**, et al., Third Party Defendants.

**ALLIED CHEMICAL CORP.**, Fourth Party Plaintiff,

v.

**WHITE CROSS LABORATORIES, INC.**, Fourth Party Defendant.

No. 71 Civ. 2354.

United States District Court, S. D. New York.

Sept. 17, 1973.

Kirlin, Campbell & Keating, New York City, for third party plaintiff Prince Line, Ltd.

Darby, Healey, Stonebridge & Whelan, New York City, for third party defendant South African Marine Corp.

## MEMORANDUM OPINION

PIERCE, District Judge.

This suit was commenced by the Estate of David Bryant, a longshoreman employed by International Terminal Operating Co., Inc., against the owners of the M/V Western Prince, Prince Line Ltd. The complaint alleges that Bryant inhaled fumes from cargo aboard defendant's vessel and this caused him to become ill and subsequently die. It is further alleged that this was caused by an act of negligence of the defendant and by the unseaworthy condition of the vessel. Prince Line Ltd. impleaded South African Marine Corp., the time charterer of the ship, International Terminal Operating Co., Inc., the stevedore working the vessel on the day of the accident and Allied Chemical who forwarded the cargo to the vessel. Allied Chemical, in turn, has impleaded White Cross Laboratories, Inc. as a fourth party defendant claiming that White Cross manufactured and packaged the cargo.

South African now moves pursuant to Rule 12 of the Fed.R.Civ.P. and the Federal Arbitration Act, 9 U.S.C. § 3 for a stay of defendant's claim against it and for a severance of that action on the grounds that the claim is subject to the arbitration clause of the charter party.

For the reasons stated below the motion is granted.

In its third party complaint Prince Line, Ltd. claims that Bryant's injuries, is any, were caused by the negligence of South African. Such alleged negligence consisted in its failure to perform or have its contractors perform the work of loading the M/V Western Prince with reasonable safety and in a workmanlike manner as it had impliedly agreed to do under the time charter. In his affidavit opposing the motion the attorney for Prince Line states that the dispute between Prince Line and South African is not one under the time charter. Rather its claim is based on the alleged negligence of South African's Port Captain while directing the loading of the cargo. South African argues that this dispute is subject to arbitration under clause 17 of the time charter which provides that "should any dispute arise between Owners and the charterers, the matter in dispute shall be referred" to arbitration.

In Miletic v. Holm & Wonsild, 294 F. Supp. 772 (S.D.N.Y.1968) an identical arbitration clause was construed by the court to include not only claims arising under the charter but also "any disputes arising out of the maritime venture initiated by the charter party." *Id.* at 775. In *Miletic* the shipowner impleaded Cunard on the theory that it had breached the charter and also that as the stevedore it had breached its implied warranty to provide workmanlike service. The court held that both claims were subject to arbitration. In the instant case Prince Line similarly alleges that South African breached its implied agreement to have the stevedoring operations performed with reasonable safety and in a workmanlike manner. Assuming for the present that such a claim is valid against South African as the time charterer, the Court finds the *Miletic* holding relevant and persuasive and adopts its reasoning here. As already noted, Prince Line further claims that the injury to Bryant, if any, was caused by the *negligence* of South African's Port Captain. The issue thus arises whether such an allegation makes the dispute non-arbitrable. In view of the "overriding federal policy favoring arbitration" Carcich v. Rederi A/B Nordie, 389 F.2d 692, 696 (2d Cir. 1968), the Court feels that a mere allegation of negligence will not serve to allow Prince Line, Ltd. to avoid its agreement to submit "any dispute" between it and South African to arbitration. The claim by Prince Line that South African was negligent goes to the question of South African's possible liability and not to the issue of whether the dispute is subject to arbitration. It does not make the dispute non-arbitrable. See General Foods Corp. v. Steamship Wildwood, 1942 A.M.C. 60 (S.D.N.Y.1941).

The motion by South African for a stay of defendant's claim against it and for a severance of that action is granted.

So ordered.