**Theodore McSWEGAN and Jacqueline McSwegan, Plaintiffs,**

v.

**UNITED STATES LINES, INC., Defendant and Third-Party Plaintiff,**

v.

**DAEWOO CORPORATION and Daewoo Shipbuilding & Heavy Machinery, Ltd., Third-Party Defendants.**

No. 84 Civ. 9077 (CHT).

United States District Court, S.D. New York.

April 7, 1988.

Kirlin Campbell & Keating, New York City; R. Alexander Hulten, of counsel, for defendant and third-party plaintiff.

Lubell & Koven, New York City; Philip J. Curtin, of counsel, for third-party defendants.

## OPINION

TENNEY, District Judge.

This lawsuit is brought by Theodore McSwegan ("McSwegan" or "plaintiff") and Jacqueline McSwegan against United States Lines, Inc. ("USL") for an alleged injury sustained by plaintiff while a crewmember aboard USL's ship, the AMERICAN NEW YORK. USL filed a third-party action against Daewoo Corporation, and Daewoo Shipbuilding & Heavy Machinery, Ltd. ("Daewoo"), for contribution or indemnity. Daewoo now moves pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* (1982), to stay the proceedings pending arbitration. For the reasons stated below, the court denies Daewoo's motion.

## BACKGROUND

The relevant facts are undisputed. In August 1984, Theodore McSwegan was employed as a crewmember aboard USL's vessel, the AMERICAN NEW YORK. In December 1984, plaintiff commenced this litigation by filing a complaint seeking recovery under both the Jones Act, 46 U.S.C. App. § 688 (1982), and under general mari-

time law for the unseaworthiness of the vessel. The complaint alleges that on August 3, 1984, while en route to the Panama Canal, plaintiff fell down an engine room ladder because of a loose handrail. McSwegan claims damages of $1,000,000.

In April 1985, USL served a summons and third-party complaint upon Daewoo. The complaint states that it is brought pursuant to Fed.R.Civ.P. ("Rule") 9(h), 14(a) and 14(c). The complaint reiterates the same allegations as those mentioned in the main complaint.

It further states that if USL is held liable to McSwegan by reason of the allegedly defective handrails such liability will have been the result of the active negligence, breach of contract, breach of warranty, or strict liability on the part of Daewoo.

Daewoo, in June 1985, answered both the main complaint and the third-party complaint. Daewoo's answer to the main complaint consisted of a general denial of liability based upon its non-ownership of the AMERICAN NEW YORK and its non-employment of McSwegan.

Daewoo's answer to the third-party complaint consisted of a general denial coupled with various affirmative defenses. The affirmative defense most pertinent to deciding this motion is the one seeking to invoke an arbitration clause contained in Article XIII of the Construction Contract.[1] The clause states in pertinent part:

In the event that any dispute arises between the parties hereto out of or relating to this contract and cannot be settled by the parties themselves, it shall be settled by arbitration as follows....[2]

Affidavit of Philip J. Curtin submitted in support of Daewoo's motion sworn to December 10, 1987 ("Curtin Aff.") ¶ 13.

In July 1985, counsel for USL wrote a letter to counsel for Daewoo which in relevant part states:

United States Lines, Inc. will not pursue its third-party complaint against DaeWoo

[sic] under Federal Rule of Civil Procedure 14(a).

The portion of our pleading invoking Federal Rule of Civil Procedure 14(c) must, nevertheless, stand.

Curtin Aff., Exhibit ("Exh.") D.

On September 19, 1985, pursuant to notice by USL, the deposition of McSwegan was taken. The gist of the discovery was to obtain certain medical evidence by USL. Counsel for Daewoo was also present. Neither USL nor McSwegan made any requests for discovery against Daewoo.

Shortly thereafter, USL moved to dismiss McSwegan's Jones Act claim asserting there was an absence of admissible evidence showing that USL had either actual or constructive notice of the dangerous condition of the handrail which allegedly caused McSwegan's injury. On February 18, 1986, USL's motion was granted.

On March 11, 1986, counsel for USL communicated again with counsel for Daewoo by letter which states in relevant part:

If the vessel is found liable without fault, it is entitled to complete indemnity, including reasonable attorneys' fees from Daewoo. Our letter of July 17, 1985, which purports to drop that portion of the third-party complaint asserting a claim under FRCP 14(a), is withdrawn because of the obvious economic duress surrounding that correspondence....

It is the purpose of this letter to tender the defense of Mr. McSwegan's unseaworthiness claim to you.

Curtin Aff., Exh. E.

On March 27, 1986, counsel for Daewoo responded by rejecting USL's letter. In addition, Daewoo conveyed to USL its intention to move for a stay of proceedings unless USL relinquished its third-party claims. On September 25, 1986, a stipulation was entered into between USL and Daewoo providing that the right of Daewoo to move for a stay pending arbitration

---

1. The construction contract was dated June 28, 1982 and required that Daewoo build and deliver to USL 12 large container ships. The AMERICAN NEW YORK was constructed at Daewoo's shipyard at Koje Island, Republic of Korea.

2. The arbitration clause designates the place of arbitration as London and incorporates the arbitration rules of the International Chamber of Commerce.

would be reserved until the time of the trial.

## DISCUSSION

USL opposes the motion of Daewoo on two grounds. First, that Daewoo's participation in the litigation, principally its general denial and its invocation of the defense of contributory negligence, constitutes a type of waiver. Second, USL's utilization of Rule 14(c) makes Daewoo directly liable to McSwegan and since there is no arbitration agreement between them Daewoo cannot compel a stay.

The FAA governs arbitration agreements placed in contracts involving commerce. The court will commence its analysis by reviewing the provisions of the FAA and its purpose, and then ascertaining whether the disputes are subject to an order compelling arbitration.

9 U.S.C. § 2 provides:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

In the instant case, Daewoo seeks a stay of proceedings pending arbitration pursuant to 9 U.S.C. § 3 which provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Clearly, the FAA established a strong federal policy in favor of arbitration. "The Arbitration Act reversed centuries of judicial hostility to arbitration agreements." *Brener v. Becker Paribas Inc.*, 628 F.Supp. 442, 445–46 (S.D.N.Y.1985). District courts are not vested with discretion in deciding motions to order arbitration since the FAA "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985) (emphasis in original).

More particularly to this motion, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

### A. *The Waiver Argument*

■ USL claims that Daewoo waived its right to arbitration. The argument is that Daewoo's filing of the affirmative defense of contributory negligence and its general denial of the main complaint constitutes action incompatible with the right to arbitration. "Daewoo did not only enter a general denial, it also invoked the affirmative defense of contributory negligence for which it would bear the burden of proof." USL's Memorandum of Law at 1.

■ It is the law of this circuit that a party who utilizes the judicial process to litigate important issues may forfeit its right to compel arbitration. *Demsey & Associates, Inc. v. S.S. Sea Star*, 461 F.2d 1009, 1017–18 (2d Cir.1972). "[T]he litigation of substantial issues going to the merits may constitute a waiver of arbitration." *Sweater Bee By Banff, Ltd. v. Manhattan Inds.*, 754 F.2d 457, 461 (2d Cir.), *cert.*

*denied,* 474 U.S. 819, 106 S.Ct. 68, 88 L.Ed. 2d 55 (1985).

 However, in view of the strong federal policy favoring arbitration, waiver is not to be easily inferred. *Rush v. Oppenheimer & Co.,* 779 F.2d 885, 887 (2d Cir.1985). Furthermore, it is the rule in this circuit that the dispositive factor in evaluating an allegation of waiver is the presence or absence of prejudice to the opposing party. "It is beyond question that defendants' delay in seeking arbitration ... is insufficient by itself to constitute a waiver of the right to arbitrate, for in addition, prejudice ... must be demonstrated." *Id.*

Based upon the record, the court finds no evidence of inconsistent action rising to the level of waiver. Daewoo did not delay seeking arbitration. To the contrary, Daewoo was far from being tardy which is shown by the fact that its answer to USL's complaint listed the arbitration clause as a defense.

In terms of any prejudice resulting from discovery, USL has failed to show that any discovery was conducted regarding its claim against Daewoo. Therefore, USL "cannot establish that prejudice in the arbitration would result from that discovery." *Id.* at 889. The court finds that Daewoo's presence at USL's discovery of McSwegan was harmless since no prejudice to USL could result from it.

Regarding Daewoo's assertion of various affirmative defenses, this is insufficient to result in a waiver. "[M]ere expense and delay, participation in discovery, service of a Motion to Dismiss, and service of an Answer containing affirmative defenses, none of which raise the agreement to arbitrate, are insufficient to compel a waiver of arbitration." *Interstate Securities Corp.*

*v. Siegel,* 676 F.Supp. 54, 57 (S.D.N.Y. 1988). In this case, Daewoo did not participate in the litigation to any great extent. It neither participated in any discovery nor served any motions to dismiss. More importantly, even its answer asserted the claim of arbitration. Daewoo has tenaciously clung to that contention from the outset of the litigation.

The court finds that USL was promptly notified of Daewoo's claim that the proceedings should be stayed pending arbitration. Moreover, the court has carefully searched the record and finds it void of any evidence of prejudice to USL. Therefore, the court finds no waiver.

### B. *The 14(c) Argument*

 USL has made a claim pursuant to Rule 14(c) against Daewoo. The Rule states:

> When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, or occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make his defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.[3]

3. The original third-party rule, now Rule 14(a), allows a defendant to bring into the action a third-party who may be liable to the defendant for contribution or indemnity. By invoking Rule 14(a), the defendant essentially passes on its liability to the third-party defendant. However, the plaintiff cannot recover a judgment directly against the third-party unless the plaintiff amends its complaint to assert a direct claim against the third-party defendant.

Former Admiralty Rule 56 allowed a defendant to not merely pass on its liability to the third-party defendant but also allowed the defendant to assert the plaintiff's claim directly against the third-party defendant without any need for the plaintiff to amend its complaint. This unique third-party practice is permitted under Rule 14(c) if the court is sitting in admiralty. *See* 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1465 (1971).

The Rule provides that "a defendant-third-party plaintiff in an admiralty suit can require ... that a third-party defendant make his defense directly to the claim of the plaintiff as well as to that of the third-party plaintiff." *Peter Fabrics, Inc. v. S.S. Hermes*, 765 F.2d 306, 313 (2d Cir. 1985).

Daewoo argues that since McSwegan's claim against USL is based on unseaworthiness but plaintiff's claim against Daewoo under 14(c) would be for products liability, Daewoo cannot be held directly liable to McSwegan. The court does not agree. The very definition of unseaworthiness is a defect in the condition of the vessel necessitating a form of strict liability. In essence, this is analogous to the imposition of strict liability against a manufacturer for products liability. Under the theory of unseaworthiness, a defendant is liable regardless of its knowledge or notice of the dangerous condition. *See East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 866, 106 S.Ct. 2295, 2299, 90 L.Ed.2d 865 (1986).

The result of a defendant making a 14(c) claim is that the plaintiff can directly pursue the third-party defendant. Since there is no arbitration agreement between McSwegan and Daewoo, the latter may not stay the proceedings pending arbitration. Daewoo may only invoke the arbitration clause against USL.

## CONCLUSION

For the foregoing reasons, the court finds that Daewoo did not waive its right to compel arbitration of its dispute with USL. However, the court finds that the arbitration clause cannot be invoked against McSwegan because he was not a party to any such agreement. Therefore, the court denies Daewoo's motion for an order compelling arbitration.

So ordered.