William IVEY, Plaintiff,

v.

BARONIA SHIPPING COMPANY, A Foreign Corporation, DMI (USA) f/k/a IBF (USA LTD), a Foreign Corporation, and DuFerco, Ltd., a Foreign Corporation, Jointly and Severally, Defendants.

BARONIA SHIPPING COMPANY, Third Party Plaintiff,

v.

INTERBULK, LTD., Third Party Defendant.

Civ. A. No. 88–CV–74431–DT.

United States District Court, E.D. Michigan, S.D.

Aug. 31, 1989.

Paul Swanson, Detroit, Mich., for plaintiff.

Donald J. Miller, John W. Dohan, John D. Mabley, Detroit, Mich., for defendants.

### ORDER

DeMASCIO, Senior District Judge.

Plaintiff filed this complaint alleging that he was injured while unloading cargo from a vessel owned by defendant Baronia Shipping Company (Baronia). Baronia filed a third party complaint alleging breach of the Charter Party Agreement (Agreement) and/or negligence against the time charterer, third party defendant Interbulk Ltd. (Interbulk). Interbulk has filed the instant motion to sever and stay proceedings on the third party complaint until arbitration can be completed. Interbulk contends that ¶ 17 of the Agreement together with the provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1–3 mandate arbitration. In response, Baronia argues that ¶ 8 of the Agreement renders Interbulk liable to plaintiff without need to resort to arbitration. Baronia further contends that the arbitration clause of the Agreement does not apply to a Fed.R.Civ.P. 14(c) third party action.

An action for indemnification in a personal injury action may be subject to arbitration, depending upon the scope of the arbitration clause and the underlying contractual obligations. 2 Benedict on Admiralty § 109 at 8–30 (7th Ed.1988). The arbitration clause set forth in ¶ 17 of the Agreement provides:

That should any dispute arise between owners and the charterers, the matter in dispute shall be referred to three persons at London, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision shall be final and for the purpose of enforcing any award, this agreement may be made a rule of the Court.

The language "any dispute" in the Agreement is broad in scope. Arbitration clauses are to be generously construed with all doubts to be resolved in favor of arbitration. *Consolidated Bathurst v. Rederiaktiebolaget Gustaf Erikson*, 645 F.Supp. 884, 886 (S.D.Fla.1986). The Federal Arbitration Act, 9 U.S.C. § 3 authorizes a court to stay any suit or proceeding if satisfied the issue is arbitral and would govern the dispute falling within the terms of the arbitration clause of the Agreement. *Miletic v. Holm*, 294 F.Supp. 772 (S.D.N.Y. 1968). Where a defendant claims a party's negligence caused a plaintiff's injury, the third party may successfully move for severance, stay and arbitration of the negligence claim. *Bryant v. Prince Line Ltd.*, 363 F.Supp. 405 (S.D.N.Y.1973).

Baronia's reference to ¶ 8 of the Agreement and legal authority construing similar clauses is not persuasive. That the parties have clearly set forth situations where indemnification may be appropriate does not alter the need to refer the third party complaint to arbitration. Baronia's contention that a third party complaint brought pursuant to Fed.R.Civ.P. 14(c) creates an exception to arbitration is not correct. It is not clear why Baronia, as defendant and third party plaintiff, has standing to request that the third party defendant remain in this litigation for the benefit of plaintiff. Because plaintiff was not a party to the Agreement, the court will not permit plaintiff to be prejudiced by the third party arbitration provisions should the issue arise. *See, McSwegan v. U.S. Lines, Inc.,*

688 F.Supp. 867, 872 (S.D.N.Y.1988) (denying arbitration). "The result of a defendant making a 14(c) claim is that the plaintiff can directly pursue the third-party defendant." *Id.*

NOW, THEREFORE, IT IS ORDERED that third party defendant's motion is GRANTED, and that proceedings on the third party complaint as between third party plaintiff Baronia and third party defendant Interbulk are severed and stayed pending arbitration.